[No. C014055. Third Dist. Nov. 8, 1993.]

FRANCIS RUSSELL et al., Plaintiffs and Appellants, v.
TRANS PACIFIC GROUP et al., Defendants and Appellants.

**[Opinion certified for partial publication.*]**

*All portions of this opinion shall be published except the Factual and Procedural Background and part I of the Discussion.

**COUNSEL**

Mastagni, Holstedt & Chiurazzi and Richard J. Chiurazzi for Plaintiffs and Appellants.

Fahmy, Tone, Booke & Tone, Jeffry P. Tone, Kroloff, Belcher, Smart, Perry & Christopherson, Jerry J. Ruiz and Randy G. Lockwood for Defendants and Appellants.

**OPINION**

**SIMS, J.**—Plaintiffs Francis Russell and Virginia Russell appeal from a judgment in favor of defendants Trans Pacific Group, Brent Lee, and Yolanda Lee, following a court trial of plaintiffs' action seeking legal and equitable relief due to defendants' alleged breach of a joint venture agreement to acquire real property at a bankruptcy sale. Defendants cross-appeal, claiming the trial court erroneously denied their request for contractual attorney fees.

In the unpublished portion of this opinion, we conclude the trial court correctly determined defendants did not breach the joint venture agreement.

In the published portion of the opinion, we conclude the trial court properly denied defendants' request for contractual attorney fees because defendants attempted to claim fees by using a memorandum of costs without filing a noticed motion as is required by statute and rule of court.

Accordingly, we shall affirm the judgment.

FACTUAL AND PROCEDURAL BACKGROUND*

. . . . . . . . . . . . . . . . . . . . . . . . . .

DISCUSSION

I. *The Trial Court Reached the Right Result**

. . . . . . . . . . . . . . . . . . . . . . . . . .

*See footnote, *ante*, page 1717.

## II. *Cross-appeal—Denial of Attorney Fees*

Defendants cross-appeal from the judgment insofar as the cost award excludes their claim for attorney fees under Civil Code section 1717 (hereafter section 1717 attorney fees), as parties prevailing in an action on a contract. Defendants, who sought the attorney fees in their cost memorandum, contend the trial court erred in denying their claim on the procedural ground of their failure to file a motion for the attorney fees at the same time they filed their cost memorandum claiming such fees. Defendants further contend the trial court abused its discretion by denying their motion for relief under Code of Civil Procedure section 473.[3] We will conclude defendants' contentions are without merit.

### A. *Facts*

The sequence of events is as follows:

On March 11, 1992, the trial court issued a written tentative decision in favor of defendants on plaintiffs' lawsuit for breach of contract.[4] Plaintiffs requested a statement of decision.

On March 31, 1992, *before entry of judgment*, defendants filed a cost memorandum which included a claim for $98,746.50 in attorney fees "authorized by contract, assessed upon motion or by this memorandum."[5]

On April 10, 1992, plaintiffs noticed a motion to tax costs, challenging inter alia the attorney fee claim on the merits, with no procedural objection to the absence of a noticed motion for attorney fees.

On April 28, 1992, the trial court issued its statement of decision in favor of defendants on plaintiffs' lawsuit.[6]

Also on April 28, 1992, defendants filed an opposition to the motion to tax costs, which included briefing of the merits of the attorney fee claim under

---

[3]With the exception of references to section 1717 attorney fees, undesignated statutory references are to the Code of Civil Procedure.

[4]The issue of attorney fees was not raised at trial, but did not need to be raised at trial. Thus, Civil Code section 1717, subdivision (a), provides in part: "Reasonable attorney's fees shall be fixed by the court, and shall be an element of the costs of suit." (See also *Ganey* v. *Doran* (1987) 191 Cal.App.3d 901, 911 [236 Cal.Rptr. 787] [section 1717 attorney fees need not be pleaded and proved at trial].)

[5]Defendants used a 1987 Judicial Council form "MEMORANDUM OF COSTS," which listed: "Attorney fees authorized by statute, assessed upon motion or by this memorandum." Defendants interlineated the word "statute," and inserted the word "contract" on the form.

[6]The statement of decision, prepared by defendants, called for a judgment for costs, "including reasonable attorney's fees." The reference to attorney fees was stricken from the signed statement of decision.

section 1717 and a declaration of counsel setting forth the basis for the amount claimed.

On May 1, 1992, plaintiffs filed their reply, challenging the attorney fee claim on the merits and raising for the first time the procedural objection that section 1717 attorney fees must be sought through a motion filed before or at the same time as the cost memorandum, as required by California Rules of Court, rule 870.2.[7] Plaintiffs argued the fee request must be denied because defendants "have not yet served a notice of motion for attorney's fees." Plaintiffs also asserted, without amplification, that defendants' opposition to the motion to tax costs could not be construed as a motion for attorney fees.

On May 5, 1992, a hearing was held on the motion to tax costs, with no discussion of the attorney fee issue.

On May 13, 1992, before entry of judgment, the trial court issued its order (designated as "RULING ON REQUEST FOR ATTORNEY FEES AND MOTION TO TAX COSTS") granting plaintiffs' motion to tax costs as to the attorney fees. The order, which transposes the parties, states in part: "Plaintiffs' [*sic*: defendants'] motion for attorney fees is hereby denied. Plaintiffs [*sic*: defendants] have failed to file a motion pursuant to Rules of Court, rule 870.2. [ ] [¶] Defendants' [*sic*: plaintiffs'] motion to tax costs is granted as follows. The following costs are allowed and all other costs are denied: [recitation of costs, omitting attorney fees]."

On May 26, 1992, defendants filed a motion for reconsideration or, alternatively, for relief under section 473, seeking the court's permission to file a motion for attorney fees.[8]

Plaintiffs opposed the motion for reconsideration or relief, asserting inter alia that defendants had failed to comply with section 473's requirements, in that defendants had failed to show any "mistake, inadvertence, surprise or excusable neglect" and had failed to attach to their motion for relief a copy of the proposed motion for attorney fees.

Defendants' reply to plaintiffs' opposition made no response to the issue of noncompliance with section 473.

---

[7]Undesignated rule references are to the California Rules of Court.

Rule 870.2 provides in part: "Any notice of motion to claim attorney fees as an element of costs under Civil Code section 1717 shall be served and filed before or at the same time the memorandum of costs is served and filed."

[8]Defendants also brought to the attention of the trial court that the order had transposed the parties. Apparently, no correction was made.

On June 18, 1992 (still before entry of judgment in the lawsuit), the trial court denied the motion for reconsideration or section 473 relief as to the attorney fees issue.

On July 17, 1992, judgment was entered. The judgment includes a cost award in an amount excluding the attorney fee claim.

On August 7, 1992, plaintiffs filed a notice of appeal from the judgment.

On September 8, 1992, defendants filed a notice of cross-appeal from the judgment, specifically "from that portion of the judgment which fails to include defendants' reasonable attorney's fees incurred in defending the action as an element of the costs of suit awarded to defendants."[9]

### B. *Discussion*

#### 1. *Order Taxing Costs Was Proper*

Defendants contend the trial court erred in granting plaintiffs' motion to tax costs as to the attorney fees on the procedural technicality of defendants' failure to file a motion for attorney fees at the same time they filed their cost memorandum. As we read their brief, defendants mount a multipronged attack. First, they argue they did not need to file a noticed motion and were within their rights to proceed by simply including attorney fees in the cost bill. Second, they argue that if a timely motion was required, their procedural deficiencies (in failing to file a formal motion and in failing to do so no later than the time they filed the cost bill) should be disregarded due to the absence of prejudice to plaintiffs, in that (a) defendants' opposition to plaintiffs' motion to tax costs sufficiently presented all information which would have been presented in a motion for attorney fees, and (b) the cost bill was itself premature (rule 870(a)(1)).[10] Third, defendants argue relief should

---

[9] We initially questioned whether defendants' cross-appeal was timely, and we requested supplemental briefing from the parties. The parties agree the cross-appeal is timely, and we concur. (See, e.g., *Lacey* v. *Bertone* (1949) 33 Cal.2d 649, 654 [203 P.2d 755]; *Distefano* v. *Hall* (1963) 218 Cal.App.2d 657, 681 [32 Cal.Rptr. 770].)

[10] Rule 870(a)(1) provides: "A prevailing party who claims costs shall serve and file a memorandum of costs within 15 days after the date of mailing of the notice of entry of judgment or dismissal by the clerk under Code of Civil Procedure section 664.5 or the date of service of written notice of entry of judgment or dismissal, or within 180 days after entry of judgment, whichever is first. . . ."

Thus, defendants were not required to file a cost memorandum until judgment was entered. The parties raise no issue as to whether the early filing rendered the cost memorandum invalid. We will therefore assume the cost memorandum was valid.

have been granted under section 473.[11] We will reject all of defendants' contentions.

### a. *A Timely Motion Is Required*

■ At issue in this case is the relationship of three provisions: (1) Civil Code section 1717, which authorizes attorney fees to a party prevailing in an action on a contract containing an attorney fee provision; (2) section 1033.5, which makes section 1717 attorney fees recoverable as costs upon a noticed motion; and (3) rule 870.2, which sets forth the time for filing a motion for section 1717 attorney fees as an element of costs.

Thus, Civil Code section 1717[12] provides that attorney fees "shall be fixed by the court, and shall be an element of the costs of suit" and also provides that the "prevailing party" will be determined "upon notice and motion."

Section 1033.5[13] requires that section 1717 attorney fees as an element of costs be sought by noticed motion.

Rule 870.2 (fn. 7, *ante*) requires that the motion claiming section 1717 attorney fees be filed before or at the same time as the cost memorandum. We note Judicial Council rules have the force of statutes to the extent that

---

[11]Section 473 provides in part: ". . . The court may [ ] in its discretion, after notice to the adverse party, allow, upon any terms as may be just, an amendment to any pleading or proceeding . . . . [¶] The court may, upon any terms as may be just, relieve a party or his or her legal representative from a judgment, dismissal, order, or other proceeding taken against him or her through his or her mistake, inadvertence, surprise, or excusable neglect. Application for this relief shall be accompanied by a copy of the answer or other pleading proposed to be filed therein, otherwise the application shall not be granted . . . ."

[12]Civil Code section 1717 provides in part: "(a) In any action on a contract, where the contract specifically provides that attorney's fees and costs, which are incurred to enforce that contract, shall be awarded either to one of the parties or to the prevailing party, then the party who is determined to be the party prevailing on the contract, whether he or she is the party specified in the contract or not, shall be entitled to reasonable attorney's fees in addition to other costs . . . . [¶] *Reasonable attorney's fees shall be fixed by the court, and shall be an element of the costs of suit. . . .*

"(b)(1) The court, *upon notice and motion* by a party, shall determine who is the party prevailing on the contract for purposes of this section, whether or not the suit proceeds to final judgment. . . ." (Italics added.)

[13]Section 1033.5 provides in part: "(a) The following items are allowable as costs under Section 1032: [ ] [¶] *(10) Attorney fees, when authorized by either of the following:* [¶] *(A) Contract.* [¶] (B) Statute.[ ]

"(c) Any award of costs shall be subject to the following: [ ]

"(5) . . . Attorney's fees allowable as costs pursuant to *subparagraph (A)* of paragraph (10) of subdivision (a) shall be fixed either upon a *noticed motion* or upon entry of a default judgment, unless otherwise provided by stipulation of the parties.

"*Attorney's fees awarded pursuant to Section 1717 of the Civil Code are allowable costs under Section 1032 as authorized by subparagraph (A) of paragraph (10) of subdivision (a).*" (Italics added.)

they are not inconsistent with legislative enactments or constitutional provisions. (*In re Richard S.* (1991) 54 Cal.3d 857, 863 [2 Cal.Rptr.2d 2, 819 P.2d 843].) Moreover, rule 870.2, which became effective in January 1987, was adopted pursuant to express statutory authority in section 1034.[14]

As should be apparent from the foregoing provisions, a noticed motion for attorney fees should have been filed in this case no later than the filing of the cost memorandum. Defendants argue they did not need to file a motion, and it was proper for them to claim attorney fees by merely including the amount in the cost memorandum. In support of this proposition, defendants rely on outdated authority. Thus, they cite the Legislature's 1987 amendment of Civil Code section 1717, which deleted the following italicized words from the statute: "Reasonable attorney's fees shall be fixed by the court, *upon notice and motion by a party*, and shall be an element of costs of suit."[15] (Italics added.) (Stats. 1987, ch. 1080, § 1, p. 3648.) Defendants cite decisional law construing that amendment to mean that a motion is no longer required. (E.g., *Simpson* v. *Smith* (1989) 214 Cal.App.3d Supp. 7 [263 Cal.Rptr. 110].) Defendants further claim the 1987 amendment deleting the motion requirement from Civil Code section 1717 means that the rule 870.2 procedure is no longer required.

However, defendants overlook the Legislature's subsequent amendment of section 1033.5, which defeats defendants' position. Thus, in 1990, the Legislature amended section 1033.5 to its present form (fn. 13, *ante*), requiring that section 1717 attorney fees be fixed by noticed motion. In so doing, the Legislature expressed its intent as follows:

"The Legislature finds and declares that *there is great uncertainty as to the procedure to be followed in awarding attorney's fees* where entitlement thereto is provided by contract to the prevailing party. *It is the intent of the Legislature in enacting this act to confirm that these attorney's fees are costs which are to be awarded only upon noticed motion*, except where the parties stipulate otherwise or judgment is entered by default. *It is further the intent of the Legislature to vest the Judicial Council with the discretion provided in*

[14]Section 1034 provides: "(a) Prejudgment costs allowable under this chapter shall be claimed and contested in accordance with rules adopted by the Judicial Council. [¶] (b) The Judicial Council shall establish by rule allowable costs on appeal and the procedure for claiming those costs."

[15]We note the 1987 amendment, which deleted the reference to "notice and motion" in subdivision (a) of section 1717, left intact the motion requirement of subdivision (b)(1) of Civil Code section 1717, which did and does provide that the "court, upon notice and motion by a party, shall determine who is the party prevailing on the contract . . . ." (Stats. 1987, ch. 1080, § 1, p. 3648; Stats. 1986, ch. 785, § 1, p. 2653.) Thus, even after the amendment, Civil Code section 1717 continued to contemplate a motion to determine the prevailing party.

*Section 1034 of the Code of Civil Procedure to adopt procedural guidelines establishing the time for hearing of these motions, but the Legislature finds and declares that the criteria set forth in Section 870.2 of the California Rules of Court provide a fair and equitable procedure for the motions.*" (Stats. 1990, ch. 804, § 2, italics added; see Historical and Statutory Notes, 18A West's Ann. Code Civ. Proc., § 1033.5 (1993 pocket supp.) p. 43.)

This declaration of legislative intent could not be more clear. Contractual attorney fees are to be claimed "only" by noticed motion, not by the mere filing of a memorandum of costs.

Thus, defendants were required to file a noticed motion for attorney fees, and were further required by rule 870.2 to file the motion before or at the same time as the cost memorandum. They did not do so. This conclusion raises questions as to (1) whether the trial court has discretion to disregard noncompliance with the procedural requirements, and (2) whether the trial court has discretion to grant relief from noncompliance under section 473 (fn. 11, *ante*) upon a showing of mistake, inadvertence, surprise, or excusable neglect. We will conclude the trial court does not have discretion to disregard noncompliance. We will also conclude the trial court has discretion to grant relief under section 473, but defendants in this case fail to show any abuse of discretion in the trial court's denial of section 473 relief.

b. *Procedural Deficiencies Cannot Be Disregarded; Sole Remedy Is Section 473 Relief*

As indicated, defendants argue their procedural deficiencies (in failing to file a formal motion and in failing to do so no later than the date they filed the cost bill) should be disregarded because there was no prejudice to plaintiffs, in that (1) defendants' opposition to plaintiffs' motion to tax costs was equivalent to a motion for attorney fees, and (2) the cost bill was itself premature.

The first question is whether the trial court has discretion to disregard noncompliance, in light of the 1990 amendment of section 1033.5. We note that two divisions of the Second District have expressed the view that the procedural requirements are mandatory, such that the trial court does not have discretion to disregard noncompliance. Thus, *Bankes* v. *Lucas* (1992) 9 Cal.App.4th 365 [11 Cal.Rptr.2d 723] reversed an attorney fee award on grounds unrelated to the issue before us. The court then stated as an alternative ground for reversal the untimely filing of the request for attorney fees. (*Id.* at pp. 369-372.) *Bankes* set forth the applicable statutes and rules, cited the 1990 legislation, and noted that the trial court's power to allow

procedural deviations is restricted by rule 870(b)(3),[16] which contains a limitation on the trial court's power to grant extensions of the time period for filing the cost memorandum.[17] (9 Cal.App.4th at p. 371.) Similarly, *Nazemi v. Tseng* (1992) 5 Cal.App.4th 1633 [7 Cal.Rptr.2d 762] held the trial court abused its discretion by considering a motion for attorney fees filed after expiration of the maximum time extension allowed by rule. *(Id.* at pp. 1640-1641.) Without discussing the 1990 legislation, *Nazemi* determined: "The time provisions relating to the filing of a memorandum of costs, while not jurisdictional, are mandatory." *(Id.* at p. 1640, citing *Hydratec, Inc.* v. *Sun Valley 260 Orchard & Vineyard Co.* (1990) 223 Cal.App.3d 924, 929 [272 Cal.Rptr. 899], and *Sepulveda* v. *Apablasa* (1938) 25 Cal.App.2d 381, 388-389 [77 P.2d 526].)

We agree the cost procedure requirements are mandatory, and therefore the trial court does not have discretion to disregard noncompliance.

Defendants nevertheless maintain the trial court should disregard noncompliance if the opposing party is not prejudiced. They rely on cases holding that technical noncompliance with the procedural requirements should be overlooked where the party seeking costs complied with the spirit if not the letter of the law. We will conclude those cases are no longer good law in light of the 1990 legislation.

Thus, *Christensen* v. *Dewor Developments* (1983) 33 Cal.3d 778 [191 Cal.Rptr. 8, 661 P.2d 1088] held that litigants were entitled to a determination of their section 1717 attorney fee claim despite failure to file a motion (as then required by Civil Code section 1717), because they had complied with the "spirit" if not the letter of the law, by attaching points and authorities and a declaration to their cost memorandum. (33 Cal.3d at p. 786.) However, the Supreme Court there noted that Civil Code (former) section 1717's new requirement of a noticed motion became operative only 10 days before the trial court's judgment, and after all procedural steps in the case were completed. (33 Cal.3d at p. 786.) Moreover, *Christensen* contained no analysis of the issue, and the case predated the 1990 clarifying legislation. We therefore do not find *Christensen* to be controlling.

---

[16]Rule 870(b)(3), effective January 1, 1987, provides: "The party claiming costs and the party contesting costs may agree to extend the time for serving and filing the cost memorandum and a motion to strike or tax costs. This agreement shall be confirmed in writing, specify the extended date for service, and be filed with the clerk. In the absence of an agreement, *the court may extend the times for serving and filing the cost memorandum or the notice of motion to strike or tax costs for a period not to exceed 30 days."* (Italics added.)

[17]Defendants assert the attorney fees at issue in *Bankes* were postjudgment attorney fees incurred in posttrial proceedings, for which it was not possible to file a claim along with a timely cost memorandum. The *Bankes* opinion does not make note of that matter. We are not faced with that issue here, where there is no contention that compliance with the procedural requirements was impossible.

As defendants note, the same "spirit of the law" standard was applied in *California Recreation Industries* v. *Kierstead* (1988) 199 Cal.App.3d 203 [244 Cal.Rptr. 632], which arose at a time when Civil Code section 1717 contained the express motion requirement. In that case, the appellants sought attorney fees in a cost memorandum, then served points and authorities and declarations after the opposing parties challenged the attorney fees in a motion to tax costs. (199 Cal.App.3d at p. 205.) Citing *Christensen*'s "spirit of the law" standard, the appellate court held fees could be awarded on the cost procedure despite Civil Code section 1717's motion requirement. (*California Recreation Industries*, *supra*, 199 Cal.App.3d at p. 209.) However, like *Christensen*, *California Recreation Industries* predated the Legislature's 1990 clarification of the law and is therefore outdated.

We note the Second District has recently applied the "spirit of the law" principle to save a defective attorney fee claim despite the 1990 legislation. (*Gunlock Corp.* v. *Walk on Water, Inc.* (1993) 15 Cal.App.4th 1301 [19 Cal.Rptr.2d 197].) In *Gunlock*, as in this case, the appellant filed no motion but merely included an amount for attorney fees in the cost memorandum. When the opposing party filed a motion to tax costs, challenging inter alia the noncompliance with the motion procedure, the appellant in its opposition submitted a declaration from counsel explaining the basis for the charges. (*Id.* at pp. 1302-1303.) The trial court reluctantly granted the motion to tax costs, believing it had no discretion in the matter. (*Id.* at p. 1303.) The trial court subsequently denied the appellant's motion for relief under section 473, on the ground that counsel's unawareness of code requirements was per se inexcusable. (15 Cal.App.4th at p. 1303.)

The appellate court in *Gunlock* began by recounting the Legislature's express effort to rectify the prior confusion surrounding this issue in its 1990 legislation requiring that section 1717 attorney fees be sought by noticed motion. (15 Cal.App.4th at p. 1303.) Nevertheless, *Gunlock* continued on to conclude that the present statutory scheme does not deprive the trial court of discretion to overlook noncompliance. (*Id.* at p. 1304.) The appellate court first reasoned that, even if a motion was required to be filed within the time for filing the cost memorandum, the time limitation for filing the cost memorandum (rule 870[18]) is not jurisdictional, and a trial court has broad discretion to allow relief from a failure to timely file where the opposing party is not prejudiced. (15 Cal.App.4th at p. 1304.) *Gunlock* next cited the authorities excusing a technical noncompliance where the "spirit of the law" was satisfied. (*Id.* at pp. 1304-1305.) *Gunlock* concluded the authorities "manifest substantial latitude in allowing fees to be awarded without strict

---

[18]Rule 870(b)(3) provides that the parties may agree to extend the time for claiming costs, or ". . . the court may extend the times for serving and filing the cost memorandum [ ] for a period not to exceed 30 days."

compliance with statutory temporal and procedural limitations."[19] (*Id.* at p. 1305.)

We respectfully disagree with *Gunlock* because it recreates the "uncertainty" the Legislature so clearly sought to dispel in its declaration of intent in amending section 1033.5 in 1990. Our primary task in construing a statute is to determine the Legislature's intent. (*Brown* v. *Kelly Broadcasting Co.* (1989) 48 Cal.3d 711, 724 [257 Cal.Rptr. 708, 771 P.2d 406].) Given the Legislature's clear declaration of legislative intent and its express endorsement of rule 870.2, the trial court does not have discretion to disregard the statutory requirement that a claim for contractual attorney fees must be made by timely written motion. That the procedural requirements are not jurisdictional does not lead to the conclusion that they may be disregarded. While not jurisdictional, the rules are mandatory. (*Nazemi, supra,* 5 Cal.App.4th at p. 1640.) Moreover, in light of the Legislature's express intent to resolve uncertainty in this area of law, we cannot sanction an approach to handling these attorney fee claims that can only generate litigation such as the instant case.

We therefore conclude the trial court did not err in denying attorney fees on the ground defendants failed to file a timely motion.

Nevertheless, the mandatory nature of the procedural requirements does not mean that the trial court is deprived of jurisdiction to grant relief under section 473 (fn. 11, *ante*) upon a proper showing of mistake, inadvertence, surprise, or excusable neglect.[20] (*LeDeit* v. *Ehlert* (1962) 205 Cal.App.2d 154, 169-170 [22 Cal.Rptr. 747] [trial court may grant section 473 relief

---

[19]*Gunlock* questioned whether the time to file the motion is delimited by rule 870.2, because the rule pertains to fees under Civil Code section 1717, but section 1033.5 distinctly addresses fees authorized by "contract." (15 Cal.App.4th at p. 1304, fn. 3.) We do not understand *Gunlock*'s point, because section 1033.5 (fn. 13, *ante*) expressly provides that attorney fees under Civil Code section 1717 are considered fees awarded under contract.

[20]Indeed, it appears the availability of section 473 relief is the source of the "spirit of the law" cases, which relied upon section 473 cases but dropped section 473's requirement of a showing of mistake, inadvertence, surprise, or excusable neglect. Thus, *Gunlock, supra,* 15 Cal.App.4th at page 1304, and *California Recreation Industries, supra,* 199 Cal.App.3d at page 209, both cite *Hoover Community Hotel Development Corp.* v. *Thomson* (1985) 168 Cal.App.3d 485 [214 Cal.Rptr. 264]. *Hoover* does state the trial court has discretion to disregard noncompliance with the procedural requirements for claiming costs. (*Id.* at pp. 487-488.) However, the authorities relied upon by *Hoover* were section 473 cases, though *Hoover* did not acknowledge that fact. (168 Cal.App.3d at pp. 487-488.) Thus, *Hoover* cited *Pollard* v. *Saxe & Yolles Dev. Co.* (1974) 12 Cal.3d 374, 380-381 [115 Cal.Rptr. 648, 525 P.2d 88]. Although *Pollard* did not mention section 473, it is apparent from the opinion that section 473 was at issue, because the Supreme Court stated the parties had moved in the trial court for permission to file a late cost bill on the ground of inadvertence (a statutory ground for relief under section 473), and the Supreme Court concluded the trial court had broad discretion "in allowing relief on grounds of inadvertence . . . ." (*Pollard, supra,* 12 Cal.3d at pp. 380-381.) Moreover, the cases cited by *Pollard* were section 473 cases—*Reese* v. *Borghi*

from noncompliance with time limitations for filing cost bill, which are not jurisdictional]; see also 8 Witkin, Cal. Procedure (3d ed. 1985) Attack on Judgment in Trial Court, § 145, p. 547 [section 473 relief may be granted from failure to take nonjurisdictional procedural steps].) We find nothing in the 1990 legislation that would alter the nonjurisdictional nature of the mandatory procedural steps for claiming costs.

We conclude the trial court may not disregard noncompliance with the procedural requirements for claiming contractual attorney fees but may grant relief under section 473.

We now turn to the trial court's denial of relief under section 473.

### c. *No Abuse of Discretion in Denying Relief*

■ As indicated, defendants moved for relief under section 473 as an alternative to the motion for reconsideration, asking for the opportunity to file a motion for attorney fees.[21] Defendants contend the trial court abused its discretion in denying relief, because at the time the trial court ruled, judgment had still not been entered, so defendants' cost bill was itself premature, and plaintiffs would not be prejudiced by the court allowing defendants to follow the proper procedure. Defendants assert the motion "was only 'late' in the sense that it is [ ] supposed to be filed 'with or before' the cost memo." We will conclude defendants fail to show the trial court abused its discretion in refusing relief under the standards of section 473.

Section 473 allows relief upon a showing of excusable neglect, mistake, inadvertence, or surprise. Section 473 also requires that a copy of the proposed pleading accompany the motion for relief; ". . . otherwise the application shall not be granted." (§ 473, fn. 11, *ante.)* The determination of the motion lies in the trial court's discretion. (*Iott* v. *Franklin* (1988) 206 Cal.App.3d 521, 527 [253 Cal.Rptr. 635].)

Here, defendants' motion for relief failed to assert any mistake, inadvertence, surprise, or neglect and failed to attach a copy of the proposed motion. Indeed, it is apparent from the record that the section 473 motion was thrown in as a mere afterthought, with no attempt to meet the foregoing requirements. Thus, the motion first sought reconsideration, arguing California law

---

(1963) 216 Cal.App.2d 324, 333-334 [30 Cal.Rptr. 868], and *LeDeit* v. *Ehlert* (1962) 205 Cal.App.2d 154, 169-170 [22 Cal.Rptr. 747]. (*Pollard, supra,* 12 Cal.3d at p. 381.) *Reese* and *LeDeit* were also cited in *Hoover.* (*Hoover, supra,* 168 Cal.App.3d at p. 488.)

It thus appears the "spirit of the law" cases were an unwarranted expansion of section 473 relief that dispensed with section 473's requirement of a showing in mistake, inadvertence, surprise, or excusable neglect.

[21]Actually, since the motion was supposed to be filed no later than the cost memorandum, it would have been more appropriate to seek relief to file both an amended cost memorandum and a motion for attorney fees.

does not require the filing of a motion for attorney fees. Then, under the heading asking for leave to file a motion for attorney fees, defendants merely asked the court to disregard their noncompliance pursuant to the authorities we discussed *ante* which disregarded technical noncompliance if the other party would not be prejudiced. As we have explained, those authorities have been superseded by the expression of legislative intent in amending section 1033.5. Defendants accompanied their motion for relief with a declaration from counsel stating that defendants had argued the merits of the attorney fee claim in their opposition to plaintiffs' motion to tax costs, and that plaintiffs had not been prejudiced by defendants' use of the cost bill procedure rather than a noticed motion to claim fees. The declaration then states: "However, if this court finds that the plaintiffs have been prejudiced, then defendants request leave to file a motion for attorney's fees pursuant to [ ] § 473."

Thus, defendants recognized that their reliance on the "spirit of the law" cases was not equivalent to a request for relief under section 473.

Defendants' failure to comply with section 473's requirements was noted in plaintiffs' opposition to the motion for relief. Yet defendants made no effort to correct the deficiencies in their reply papers or at the hearing. Instead, they insisted in their reply papers that the trial court should reach the merits of the attorney fee claim because plaintiffs were not prejudiced by defendants' noncompliance with the proper procedure.

Thus, defendants failed to make a proper showing for section 473 relief and have failed to show any abuse of discretion in denial of relief. Even if we were to assume the ground for relief was mistake of law, i.e., a mistake as to the procedural requirements for claiming attorney fees, that would not help defendants here. Thus, "[w]hile a mistake in law is a ground for relief under section 473, the 'issue of which mistake in law constitutes excusable neglect presents a question of fact. The determining factors are the reasonableness of the misconception and the justifiability of lack of determination of the correct law. [ ]' [Citation.] '[I]gnorance of the law coupled with negligence in ascertaining it will certainly sustain a finding denying relief. [ ]' [Citation.]" (*Robbins* v. *Los Angeles Unified School Dist.* (1992) 3 Cal.App.4th 313, 319 [4 Cal.Rptr.2d 649].)

In any event, defendants do not assert mistake of law or any other statutory ground for relief under section 473. On appeal, they do not defend their motion under the standards of section 473 at all. Instead, they merely assert the trial court had to grant relief because plaintiffs would not be prejudiced by allowing defendants to file an appropriate motion for attorney fees. However, absence of prejudice to the opposing party is not in and of itself sufficient to entitle a party to relief under section 473. Rather, the rule

is that in the absence of prejudice, the trial court has broad discretion to allow relief on one of the statutory grounds—excusable mistake, inadvertence, neglect, or surprise. (See *Ganey* v. *Doran* (1987) 191 Cal.App.3d 901, 910 [236 Cal.Rptr. 787.) Here, there was no such showing. Nor was a copy of their proposed motion attached to their request for relief, as section 473 plainly requires.

Defendants claim their position is supported by *Ganey* v. *Doran, supra*, 191 Cal.App.3d 901. We disagree. There, the plaintiff filed a cost memorandum but failed to serve it on the defendant. Upon discovery of the problem, the plaintiff sought section 473 relief to refile the cost memorandum, on the basis that the failure to serve stemmed from a secretarial oversight. (191 Cal.App.3d at p. 910.) The trial court granted relief. The appellate court found no abuse of discretion. *Ganey* does not help defendants show why the denial of relief was an abuse of discretion in this case. They point out that in *Ganey* the plaintiff sought section 1717 attorney fees as an item of the cost memorandum, but the trial court, considering a motion to be required, allowed the plaintiff to submit the separate motion. (191 Cal.App.3d at p. 911.) However, this point was mentioned merely as background to the discussion of the contention on appeal that the trial court erred in awarding attorney fees where the plaintiff neither pled nor prayed for attorney fees in his complaint. (*Ibid.*) Thus, *Ganey* does not stand for the proposition that the trial court in this case abused its discretion in denying relief.

We conclude defendants fail to show any abuse of discretion in the trial court's denial of defendants' motion for relief under section 473.

On appeal, defendants also request that this court award them attorney fees for defending this appeal. We decline to do so.

In light of our disposition, we need not address defendants' request that we decide the applicability of the attorney fees clause upon which they rely as the basis for their attorney fee claim.

### DISPOSITION

The judgment is affirmed. The parties shall bear their own costs on appeal.

Sparks, Acting P. J., and Scotland, J., concurred.