Filed 12/3/14  Van Loon v. Winchester-Wesselink CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| RICHARD VAN LOON et al., | |
| Plaintiffs and Appellants, | E058826 |
| v. | (Super.Ct.No. RIC427504) |
| WINCHESTER-WESSELINK, LLC et al., | OPINION |
| Defendants and Respondents. | |

APPEAL from the Superior Court of Riverside County.  Sharon J. Waters, Judge. Affirmed.

Lizarraga Law Firm, Frank J. Lizarraga, Jr., and Justin M. Crane for Plaintiffs and Appellants.

Burkhalter Kessler Clement & George, Daniel J. Kessler and Amber M. Sanchez for Defendants and Respondents David Thornton, Leo Wesselink, and Cornelia Wesselink.

Law Offices of Carl Pentis and Carl J. Pentis for Defendant and Respondent Winchester-Wesselink, LLC.

1

Plaintiffs and appellants Richard and Dianne Van Loon challenge the trial court's denial of a contract-based award of attorney fees following our affirmance of a judgment in their favor. Plaintiffs contend the court abused its discretion in denying the fee award as untimely because their request for attorney fees pursuant to Code of Civil Procedure section 1033.5[1] was referenced in their timely filed memorandum of costs. They argue that such reference amounted to substantial compliance with California Rules of Court, rule 3.1702(c), such that defendants and respondents David Thornton, Leo Wesselink, and Cornelia Wesselink[2] were on notice and not prejudiced by the lack of an accompanying motion for attorney fees. Alternatively, plaintiffs fault the trial court for leading them to believe that the time for filing the motion had been extended, and for denying relief under Code of Civil Procedure section 473. We reject plaintiffs' contentions and affirm.

## I. PROCEDURAL BACKGROUND

Plaintiffs initiated this action for breach of contract, declaratory and injunctive relief against defendants regarding the operation of Winchester-Wesselink, LLC, a cheese company. Judgment was entered in favor of plaintiffs and we affirmed, awarding costs,

---

[1] All further statutory references are to the Code of Civil Procedure unless otherwise indicated.

[2] Initially Jules Wesselink, Sr. was named as a defendant; however, on February 2, 2010, he died. On September 23, 2010, the court granted Cornelia Wesselink's request to substitute as defendant in his place. (*Richard Van Loon, et al. v. Thornton*, *et al.*; *Winchester-Wesselink, LLC et al.* (Aug. 22, 2012, E049942) [nonpub. opn.].) Although others were named as defendants, the jury's verdict was limited to only David Thornton, Leo Wesselink, and Jules (Cornelia) Wesselink.

including attorney fees, on appeal to be determined by the trial court. (*Richard Van Loon et al. v. Thornton et al.*, *supra*, case No. E049942.) The remittitur was issued by this court on October 25, 2012, and filed by the Superior Court on October 29, 2012. On November 30, 2012, plaintiffs filed their memorandum of costs, identifying other costs as attorney fees pursuant to section 1033.5, subdivision (a), in the amount of $160,535.55.

Defendants moved to strike/tax costs, and on February 5, 2013, the trial court stated: "As to the attorney's fees, you need to bring a motion." Plaintiffs' counsel stated he would be bringing the motion, and defendants' counsel objected, arguing that the issue of attorney fees is separate from the issue of costs. The court agreed with defendants' counsel and indicated that it needed further briefing, i.e., a "supplemental declaration . . . with appropriate documentation of all costs paid for reporters' transcripts . . . ." The matter was continued to February 20, 2013, wherein costs were awarded in an agreed-upon amount.

On February 21, 2013, plaintiffs filed their motion for attorney fees, noting that it was being brought "after Plaintiffs timely filed their Memorandum of Costs on Appeal," because the trial court had "stated that it prefers a noticed motion to fix attorney's fees." According to plaintiffs, the court's statement of preference amounted to an instruction that "extended the time for Plaintiffs' to file their Motion for Attorney's Fees." Nonetheless, out of an abundance of caution, plaintiffs also attached their attorney's declaration pursuant to section 473, subdivision (b). Counsel explained in the motion that if the motion was deemed to be untimely, then it was "due to the 'mistake, inadvertence, surprise, or excusable neglect' of Plaintiffs['] legal counsel." He added, in

3

his declaration, that "[p]ursuant to [his] experience, training, and understanding, an award of attorney's fees based upon [California Code of Civil Procedure section] 1033.5[, subdivision] (a) does not require a noticed motion."

Defendants opposed the motion for attorney fees on the ground that it was untimely. They also challenged plaintiffs' counsel's claim that he believed a noticed motion was not required and that his failure to timely file such motion should be excused. Defendants pointed out that plaintiffs' counsel's actions in this case showed his awareness of the requirements of section 1033.5, subdivision (c). For example, on November 13, 2009, plaintiffs moved for their attorney fees pursuant to section 1033.5 and California Rules of Court, rule 3.1702, after obtaining judgment in their favor. At that time, plaintiffs' memorandum of costs noted that a motion for attorney fees was filed concurrently. Defendants further pointed out that "the present motion includes a declaration from [plaintiffs' counsel] that verifies the time and charges requested. Amongst those time and charge entries on October 19, [2012,] is the following description of work . . . : 'legal research regarding deadline for motion for attorney's fees.' . . . 45 days prior to the date on which [California Rules of Court, rule] 3.1702(c) bars the instant motion. What is more, [plaintiffs' counsel] held a conference with his staff on October 18, 2012 regarding a motion [for] attorney's fees. And, 5 months earlier, on May 14, 2012, [he] held a conference with his staff about how to proceed with costs, and the next day [a paralegal] began drafting (a) a motion for attorney's fees, and (b) a motion for costs." In total, plaintiffs' counsel claimed "36.5 hours ($4,751) related to preparing a motion for attorney's fees and researching the time bar to filing the

4

motion." Thus, defendants argued that plaintiffs' counsel was unable to establish good cause to support an extension of time to bring a motion for attorney fees. (Calif. Rules of Court, rule 3.1702(d).)

On March 27, 2013, the trial court denied the motion for attorney fees, stating: "Contrary to moving party's suggestion, this Court, on February 5, 2013, at the hearing on defendant's motion to tax costs, did not simply 'request' moving party to file a motion. Rather the Court specifically stated that a noticed motion was required. The Court further advised the parties at that time that it was not ruling on whether any such motion could be properly and timely filed. [¶] "[California Rules of Court, rule] 3.1702 allows the Court to extend the time for filing a motion for attorney fees 'for good cause shown.' Assuming that rule applies, here moving party has failed to establish good cause for the belated filing of this motion. [Code of Civil Procedure] Section 1033.5[, subdivision] (c)(5) could not be any clearer in requiring a noticed motion when seeking fees based on a contract. Counsel previously filed a motion for pre-judgment attorney's fees reflecting his awareness of the requirement for a noticed motion. [California Rules of Court, rule] 3.1702(c) also could not be any clearer. Moving party's counsel's vague reference to prior experience that somehow led him to conclude that attorney fees on appeal were properly sought by way of a cost bill is insufficient to establish good cause. For the same reasons, moving party has failed to establish inadvertence or excusable neglect under Code of Civil Procedure Section 473."

## II. DISCUSSION

Plaintiffs challenge the trial court's ruling denying their motion for attorney fees contending the trial court (1) abused its discretion in concluding that they failed to comply with the timeline established in California Rules of Court, rule 3.1702; (2) led them to believe that it had extended the time for such compliance; and (3) abused its discretion in refusing to grant relief under section 473, subdivision (b).

**A. A Timely Motion for Attorney Fees Is Required and the Trial Court Lacks Discretion to Disregard Noncompliance**

Code of Civil Procedure section 1033.5, subdivision (a)(10), permits an award of attorney fees as an item of costs when authorized by contract (subd. (a)(10)(A)), statute (subd. (a)(10)(B)), or law (subd. (a)(10)(C)). Subdivision (c)(5) of section 1033.5 further provides that attorney fees awarded under Civil Code section 1717 fall within the scope of section 1033.5, subdivision (a)(10)(A), and thus "*shall* be fixed either upon a noticed motion or upon entry of a default judgment, unless otherwise provided by stipulation of the parties." (Code Civ. Proc., § 1033.5, subd. (c)(5), italics added.) The Legislature enacted the relevant portions of section 1033.5, subdivision (c)(5) to clarify that the proper method to recover contractual attorney fees is "as an item of costs awarded upon noticed motion," rather than as an element of damages pleaded in the complaint. (*Chinn v. KMR Property Management* (2008) 166 Cal.App.4th 175, 194.)

It is relevant here to note the Legislature's comments accompanying its 1990 amendments to section 1033.5: "'The Legislature finds and declares that there is great uncertainty as to the procedure to be followed in awarding attorney's fees where

6

entitlement thereto is provided by contract to the prevailing party. It is the intent of the Legislature in enacting this act to confirm that *these attorney's fees are costs which are to be awarded only upon noticed motion,* except where the parties stipulate otherwise or judgment is entered by default. It is further the intent of the Legislature to vest the Judicial Council with the discretion provided in Section 1034 of the Code of Civil Procedure to adopt procedural guidelines establishing the time for the hearing of these motions . . . .' (Stats. 1990, ch. 804, § 2.)" (*Bankes v. Lucas* (1992) 9 Cal.App.4th 365, 371 [untimely motion for attorney fees resulted in reversal of attorney fee award on appeal]; italics added.)

Thus, plaintiffs were required to file a noticed motion for attorney fees, and were further required by California Rules of Court to do so "within the time for serving and filing the memorandum of costs" (Cal. Rules of Court, rule 3.1702(c)(1)), specifically "[w]ithin 40 days after the clerk sends notice of issuance of the remittitur" (Cal. Rules of Court, rule 8.278(c)(1)). They did not do so, and contrary to plaintiffs' claim, the trial court lacks discretion to disregard their noncompliance, even if defendants are not prejudiced. (*Russell v. Trans Pacific Group* (1993) 19 Cal.App.4th 1717, 1726-1730 (*Russell*).)

"Nevertheless, the mandatory nature of the procedural requirements does not mean that the trial court is deprived of jurisdiction to grant relief under section 473 . . . upon a proper showing of mistake, inadvertence, surprise, or excusable neglect. [Citations.] We find nothing in the 1990 legislation that would alter the nonjurisdictional nature of the mandatory procedural steps for claiming costs." (*Russell*, *supra*, 19 Cal.App.4th at pp.

7

1728-1729, fn. omitted.)  Accordingly, we turn to the trial court's denial of relief under section 473.

### B.  No Abuse of Discretion in Denying Relief

As indicated, plaintiffs moved for relief under section 473 assuming there was a default under the 40-day rule and there was no substantial compliance with it.  (§ 473, subd. (b).)  Plaintiffs contend the trial court abused its discretion in denying relief because their counsel "declared that it was his understanding that an attorney's fee award under . . . [section] 1033.5 did not require a noticed motion," that "the trial court was either requesting a noticed motion . . . or that the trial court was exercising its discretion to extend the time in which to file a motion for attorney's fees."  We conclude plaintiffs fail to show the trial court abused its discretion in refusing relief under the standards of section 473.

Section 473 permits the trial court to grant relief upon a showing of excusable neglect, mistake, inadvertence, or surprise.  The determination of a section 473 motion lies in the trial court's discretion.  (*Russell*, *supra*, 19 Cal.App.4th at p. 1729.)  Here, plaintiffs' argument in favor of relief was based on their counsel's "understanding" that the law did not require a separate motion for attorney fees, that the trial court was the one that required such motion, and that the trial court extended the time for filing such motion.  As for counsel's "understanding" that no separate motion for attorney fees was necessary, ignorance of the law is no excuse.  (*Robbins v. Los Angeles Unified School Dist.* (1992) 3 Cal.App.4th 313, 319 ["'Ignorance of the law coupled with negligence in ascertaining it will certainly sustain a finding denying relief'"].)  As stated above,

8

compliance with the procedural requirements of section 1033.5, subdivision (c)(5), and California Rules of Court, rules 3.1702(c)(1) and 8.278(c)(1), is mandatory, and the trial court lacks discretion to disregard their noncompliance, even if defendants are not prejudiced. (*Russell*, *supra*, 19 Cal.App.4th at pp. 1726-1729.) Moreover, we have reviewed the transcript and conclude that the trial court never authorized an extension of time for plaintiffs to file their motion for attorney fees.

Plaintiffs failed to make a proper showing for section 473 relief and have failed to show that the trial court abused its discretion in denying such relief.

## III. DISPOSITION

The judgment is affirmed. Defendants and respondents shall recover their costs on appeal.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS


HOLLENHORST
J.

We concur:


RAMIREZ
P.J.

RICHLI
J.


9