[No. B143859. Second Dist., Div. Four. May 8, 2001.]

WARREN LEE, Plaintiff and Respondent, v.
WELLS FARGO BANK, N.A., Defendant and Appellant.

COUNSEL

Gilchrist & Rutter and Peter M. Hebert for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

OPINION

**CURRY, J.**—This appeal is from an order awarding attorney fees and costs to respondent Warren Lee. Lee's original request for fees and costs was denied by the trial court as untimely. Almost six months after the court's order was entered, Lee sought relief under section 473 of the Code of Civil

Procedure (hereafter section 473), which was granted. Appellant Wells Fargo Bank, N.A. (hereafter Wells Fargo) contends that the request for relief was itself untimely. Well Fargo maintains that the request should have been brought within six months of the date Wells Fargo raised the untimeliness issue in its opposition to Lee's original attorney fee motion and its motions to tax costs and strike the costs memorandum. Because the section 473 motion was filed more than six months after that date, Wells Fargo believes it should have been denied. We conclude that the six-month deadline contained in section 473 began to run on the date the trial court issued its final order denying fees and costs, and affirm.

FACTUAL AND PROCEDURAL BACKGROUND

The underlying lawsuit involved a 1996 nonjudicial foreclosure and trustee's sale of Lee's home by Wells Fargo. In his complaint, Lee sought to set aside the foreclosure and cancel the trustee's deed upon sale. On May 18, 1999, the trial court entered judgment in favor of Lee, setting aside the sale, and awarded costs of suit to him. On June 18, 1999, notice of entry of judgment was served.

Sixty-one days later, on August 18, 1999, Lee, representing himself in propria persona,[1] filed a memorandum of costs which listed attorney fees and related litigation expenses of approximately $200,000. On August 20, 1999, 63 days after notice of entry of judgment was served, Lee filed a separate motion for attorney fees. In the moving papers, he stated: "Good cause exists for the hearing on this motion. This was the earliest plaintiff could move for attorneys fees. Prior counsel had personal problems which prevented the prior filing of this motion."

Wells Fargo opposed the motion for attorney fees and moved to strike the costs memorandum and tax costs on various grounds, including the ground that the costs memorandum and attorney fee motion were untimely under California Rules of Court,[2] rules 870(a)(1) and 870.2.[3] With regard to the attorney fee motion, Wells Fargo also argued that no good cause had been

---

[1] Up to this time, Lee had been represented by counsel.

[2] All further rule references are to the California Rules of Court unless otherwise indicated.

[3] Rule 870(a)(1) provides in part: "A prevailing party who claims costs shall serve and file a memorandum of costs within 15 days after the date of mailing of the notice of entry of judgment or dismissal by the clerk under Code of Civil Procedure section 664.5 or the date of service of written notice of entry of judgment or dismissal, or within 180 days after entry of judgment, whichever is first." The court may extend the time for serving and filing the costs memorandum "for a period not to exceed 30 days." (Rule 870(b)(3).)

Rule 870.2(b)(1) provides: "A notice of motion to claim attorney fees for services up to and including the rendition of judgment in the trial court . . . shall be served and filed within the time for filing a notice of appeal under rules 2 and 3." The parties can stipulate to an

shown to warrant an extension of time and that the time to file could not be extended after the deadline had passed.

Lee responded with a declaration stating that the deadlines had been missed because he had been abandoned by his attorney. He asked the court for an extension of time under rule 870.2(d). Among other things, the declaration stated that Lee had been assured by his attorney that the request for costs and attorney fees would be prepared and filed by August 20 which, his attorney informed him, was the deadline. Instead, on August 15, Lee's attorney faxed him a substitution of attorney form. Thereafter, Lee was unable to get in contact with his attorney even to obtain information concerning the amount his attorney intended to bill him. Attached to the declaration was a series of letters reflecting the difficulty Lee had getting his attorney to return calls or respond to correspondence throughout the period following trial. In a letter dated August 23, 1999, Lee stated: "After many fruitless attempts made by me for you to call me back, I have had no response from you. You told me that we had sixty days from your receipt of the Notice of Entry of Judgment to file the Memorandum of Costs. I am now being told that the time limit to file such costs is fifteen days after service of Notice of Entry of Judgment. If the later [*sic*] is in fact the case, I need you to do a CCP 473 filing in order for me to be granted the leeway for me collecting the fees and costs."

At the original hearing on the motion for attorney fees on September 14, 1999, the court indicated in a tentative opinion that Lee's inability to get the billing information from his recalcitrant attorney would constitute good cause for being a few days late with the motion. Final ruling on the motion was put off to give Wells Fargo's counsel an opportunity to review Lee's reply papers and declaration and file a response. In a surreply, Wells Fargo cited *Russell v. Trans Pacific Group* (1993) 19 Cal.App.4th 1717 [24 Cal.Rptr.2d 274], *Bankes v. Lucas* (1992) 9 Cal.App.4th 365 [11 Cal.Rptr.2d 723], and *Nazemi v. Tseng* (1992) 5 Cal.App.4th 1633 [7 Cal.Rptr.2d 762],

---

additional 60 days (or, where an appeal is filed, until after the remittitur). (Rule 870.2(b)(2).) "For good cause, the trial judge may extend the time for filing a motion for attorney fees in the absence of a stipulation or for a longer period than allowed by stipulation." (Rule 870.2(d).)

Rule 2 provides in part: "[A] notice of appeal from a judgment shall be filed on or before . . . (2) 60 days after the date of service of a document entitled 'notice of entry' of judgment by any party upon the party filing the notice of appeal, or by the party filing the notice of appeal." Section 1013 of the Code of Civil Procedure, which extends a parties' time by five days for service by mail, does not apply "to extend the time for filing . . . notice of appeal." (Code Civ. Proc., § 1013, subds. (a) and (c).)

for the proposition that the court could not extend the time for filing a motion for attorney fees after it had expired.[4]

On September 30, 1999, the court denied the motion for attorney fees as untimely, and granted Well Fargo's motion to strike costs. At the hearing, the court explained: "The result seems harsh since it was only three days late, but the authorities are clear that the extension of time is available only if requested and obtained prior to the expiration of the time [set forth in rules 2 and 870.2]."

On March 23, 2000, just short of six months later, Lee filed a motion for order to vacate and set aside the order of September 30, 1999, under section 473.[5] He submitted a declaration from his former attorney, dated September 30, 1999, taking responsibility for the lateness of the postjudgment filings, and a declaration of his own reiterating the numerous times the former attorney had avoided communication, gave misinformation about deadlines, and made unfulfilled commitments during the period after judgment was entered. He also attested to his difficulty in retaining counsel to represent him in connection with the section 473 motion due to economic problems caused, in part, by the underlying lawsuit.

On April 25, 2000, the trial court granted Lee's motion to vacate the prior order "pursuant to CCP sections 473 and 1008."[6] The court based its ruling on the belief that the six-month period ran from the date of the court's order, not from the date of Wells Fargo's opposition. After further briefing and argument, the court granted attorney fees in the amount of $104,541.25 and

---

[4]In its original opposition filed September 7, 1999, Wells Fargo cited these authorities for the proposition that "failure to submit a motion for fees within the required time may be treated as a waiver of the right to seek costs and fees," and "trial courts lack discretion to disregard noncompliance with the mandatory requirement that a claim for contractual attorney fees must be made by timely written motion." It cited a 1931 case, *Coast Electric Service, Inc. v. Jensen* (1931) 111 Cal.App. 124 [295 P. 346], for the proposition that time could not be extended after it had expired.

[5]This motion was prepared and argued by counsel.

[6]The reference to section 1008 of the Code of Civil Procedure derived from the court's expressed belief that it had erred in earlier denying the attorney fee motion. The court explained that despite the fact Lee had not mentioned section 473 when he filed his declaration in support of extending the time for the attorney fee motion six months earlier, "the court . . . had the power . . . under 473—to give the relief that [Lee] was asking for, and that is to permit the late filing of the motion for attorney's fees." As we will see, the discussion by the court in *Russell v. Trans Pacific Group, supra,* 19 Cal.App.4th at page 1728, footnote 20, supports the view that a trial court has discretion under section 473 to disregard a party's untimeliness in claiming fees and costs. The fact that the trial court *might* have treated the arguments and declarations in Lee's reply papers as a request for relief under section 473 did not transform Lee's motion for attorney fees into a section 473 motion or require that the motion filed March 23, 2000, be deemed a motion for reconsideration.

costs in the amount of $2,250 by order dated July 7, 2000. Wells Fargo appealed the order.

## DISCUSSION

### I

■■ ■■ ■■ Well Fargo argues in its brief that the section 473 motion should have been denied on grounds of untimeliness because it was filed more than six months after September 7, 1999—the date when Wells Fargo served and filed its opposition to the attorney fee motion and its motions to strike the costs memorandum and tax costs.[7] ■■ Wells Fargo contends that under well-established authority, that was the crucial date for purposes of the six-month period referenced in section 473, rather than the date the trial court entered its order denying the fees and costs as untimely. We turn to an examination of the authorities in this area.

Preliminarily, we note that there are two types of relief set forth in section 473, subdivision (b): discretionary and mandatory. Under the discretionary provision, "[t]he court *may*, upon any terms as may be just, relieve a party or his or her legal representative from a judgment, dismissal, order, or other proceeding taken against him or her through his or her mistake, inadvertence, surprise, or excusable neglect." (Code Civ. Proc., § 473, subd. (b), italics added.) Application for relief "shall be made within a reasonable time, in no case exceeding six months, after the judgment, dismissal, order, or proceeding was taken." (*Ibid.*)

Under the mandatory provision, "[n]otwithstanding any other requirements of this section, the court *shall*, whenever an application for relief is made no more than six months after entry of judgment, is in proper form, and is accompanied by an attorney's sworn affidavit attesting to his or her mistake, inadvertence, surprise, or neglect, vacate any (1) resulting default entered by the clerk against his or her client, and which will result in entry of a default judgment, or (2) resulting default judgment or dismissal entered against his or her client, unless the court finds that the default or dismissal was not in fact caused by the attorney's mistake, inadvertence, surprise, or neglect." (§ 473, subd. (b), italics added.)

The discretionary provisions of section 473 have been in place since the 1800's. (See Historical Note, 15 West's Ann. Code Civ. Proc. (1979 ed.)

---

[7]No respondent's brief was filed. The rule we follow in such circumstances "is to examine the record on the basis of appellant's brief and to reverse only if prejudicial error is found. [Citations.]" (*Votaw Precision Tool Co. v. Air Canada* (1976) 60 Cal.App.3d 52, 55 [131 Cal.Rptr. 335]; accord, *Carboni v. Arrospide* (1991) 2 Cal.App.4th 76, 80, fn. 2 [2 Cal.Rptr.2d 845]; see also *In re Bryce C.* (1995) 12 Cal.4th 226, 232-233 [48 Cal.Rptr.2d 120, 906 P.2d 1275].)

foll. § 473, p. 96.) From the beginning, these provisions have granted trial courts the power to "relieve a party, or his legal representatives, from a judgment, order, or other proceeding taken against him through his mistake, inadvertence, surprise, or excusable neglect . . . ." (*Ibid.*) Very early on, the courts decided that the failure of counsel to meet a procedural deadline was a proper subject for section 473 relief. In *Estate of Simmons* (1914) 168 Cal. 390 [143 P. 697], a will contestant had failed to apply for issuance of a citation within one year after probate of the will. Approximately two weeks after the deadline had passed, one of the legatees moved to dismiss the contest. The contestant moved for section 473 relief, which was denied because the trial court believed it did not have the power to grant it under those circumstances. The Supreme Court reversed, explaining: "The 'default' sought to be excused is a failure to take, within time, one of the requisite steps in the prosecution of the proceeding thus pending. The analogies to be drawn from the decided cases point to the conclusion that, in such a case, the granting of relief is permissible under section 473. As we have heretofore had occasion to point out, this court has given a very liberal interpretation to the provisions of this section. 'Thus, for example,' it was said in *Union C. Co.* v. *Oliver* [(1912)] 162 Cal. 755 [124 P. 435], 'it has been held that the trial court may relieve a party from the consequences of his failure to serve in time a proposed bill of exceptions [citations], or statement on motion for a new trial [citation], or from a failure to present to the judge for settlement, within the time allowed, a statement on motion for new trial with the amendments thereto [citation].' The illustrations given are all of cases in which a step in a pending action or proceeding was required by the code to be taken within a specified time, and the holding, in each instance, was that the objection to the belated taking of such step was a 'proceeding taken against' the delaying party, and that relief might be given him under section 473." (*Estate of Simmons, supra,* 168 Cal. at pp. 395-396.)

The decision to apply section 473 to the situation where the party seeking relief had inadvertently failed to meet a procedural deadline led to a new issue: should the six-month period within which the party must seek relief under section 473 run from the last date the party had to meet the deadline or from some other date. As we have seen, in *Estate of Simmons*, the Supreme Court suggested in dicta that the legatee's motion to dismiss the will contest for failure to apply for a citation in a timely fashion was the point at which a "proceeding [was] taken against" the party seeking relief, and that the deadline by which the party should have taken some crucial action was not significant.

In *Colborn Biological Institute* v. *DeBolt* (1936) 6 Cal.2d 631 [59 P.2d 108], the court confirmed that the initial deadline date should not be used to

set the six-month outermost boundary for bringing a section 473 motion: "We are satisfied that the better rule is that the six months' period within which the trial judge retains jurisdiction to relieve from default is not set in motion until *some proceeding or action is taken by the adverse party based upon the default or some order of the court is made as a result thereof.*" (6 Cal.2d at p. 634, italics added.)

Unlike *Simmons*, *Colborn* suggested that the significant date for purposes of commencement of the six-month period in section 473 could be *either* the date the adversary raises the untimeliness issue *or* the date the trial court enters its order. The court did not resolve which of those two dates should govern because that issue was not before it. In *Colborn*, a party had failed to serve and file a proposed bill of exceptions within the time provided by statute. It served and filed an untimely proposed bill of exceptions, after which the other party moved to strike. The appellate court essentially deemed the untimely proposed bill of exceptions to be a request under section 473 and the trial court's order, certifying the bill of exceptions and denying the motion to strike, "the equivalent of relief from default under section 473." (*Colborn Biological Institute v. DeBolt, supra,* 6 Cal.2d at p. 634.) Thus, under the court's analysis, the request for section 473 relief actually *predated* the opposing parties' attempt to raise the untimeliness issue and both were heard at the same time.[8]

These two cases were discussed in the case primarily relied on by Wells Fargo on appeal: *Save Our Forest & Ranchlands v. County of San Diego* (1996) 50 Cal.App.4th 1757 [58 Cal.Rptr.2d 708]. In *Save Our Forest*, a party was seeking statutory attorney fees for enforcing an important right affecting the public interest. Before rule 870.2 was amended effective January 1, 1994, a motion for such fees "could be made at any time so long as it did not unfairly prejudice the party being asked to pay the fees." (50 Cal.App.4th at p. 1763.) The party entitled to fees filed its motion on August 4, 1994, more than 60 days after the amended version of rule 870.2 went into effect imposing the current 60-day deadline. The appellate court upheld the trial court's ruling that the motion for attorney fees was untimely due to the amendment to rule 870.2. The court further held, however, that the trial court erred in concluding that a motion for relief from default filed December 9, 1994, was untimely simply because the date of its filing was more than six months after the 60-day deadline had passed. Noting that the opposition to the motion for attorney fees raising rule 870.2 was filed September 28, 1994, and that the trial court's denial of the attorney fee motion due to untimeliness was entered on November 28, 1994, the court held that *even if* the

---

[8]In *Simmons*, the motion to dismiss the will contest due to failure to apply for a citation and the motion for relief under section 473 similarly "came on for hearing together," shortly after the motion to dismiss was filed. (*Estate of Simmons, supra,* 168 Cal. at p. 392.)

earlier point were taken as the appropriate commencement date for the six-month period in section 473, "the trial court erred in determining that [the] December 9, 1994, motion for relief under section 473 was not brought within the six-month period required by the statute." (50 Cal.App.4th at p. 1757, 1770.)

Like the Supreme Court in *Colborn*, the court in *Save Our Forest* did not purport to resolve at which of the two points—the date of the opposition or the date of the final order denying the motion—the six months commenced to run. It simply stated that based on its research: "[T]he courts have consistently found that [an] action against a party which may be relieved under the statute occurs, and the six-month period in which a trial court is empowered to act commences to run, when a procedural time limit is raised as an objection by an adversary *or* is in some manner enforced by the trial court." (*Save Our Forest & Ranchlands v. County of San Diego, supra*, 50 Cal.App.4th at p. 1770, italics added.)

Besides *Simmons* and *Colborn*, which we have already discussed, the court in *Save Our Forest* cited two other cases, *Branscum v. State Comp. Ins. Fund* (1965) 232 Cal.App.2d 352 [42 Cal.Rptr. 682] and *Freeman v. Goldberg* (1961) 55 Cal.2d 622 [12 Cal.Rptr. 668, 361 P.2d 244]. Neither of these cases supports the proposition that an adversary's opposition to a motion causes the six-month period in section 473 to commence. In *Branscum*, an insurance company had failed to oppose a motion for attorney fees and costs because it mistakenly believed the motion had been taken off calendar. It did not find out that an order had been entered granting fees and costs until more than a week later when the moving attorney sent it a check with attorney fees and costs deducted.[9] A section 473 motion was made less than four months after the court order was entered. The contention was made on appeal that "the time which elapsed was too great" in the sense that it represented unreasonable delay rather than a violation of the six-month deadline. (*Branscum v. State Comp. Ins. Fund., supra*, 232 Cal.App.2d at p. 355.) The court disagreed, stating "we are not impressed with this contention under the circumstances shown by the record," without clarifying whether it believed the time ran from the date the order was entered or the later date when the party received notice. (*Ibid.*)

The decision in *Freeman* suggests, if anything, that the six-month period runs from the date the order denying a motion as untimely is entered rather than the day the opposition pointing out its untimeliness is served, although, as in the other cases we have discussed, this issue was not squarely before

---

[9]This was a workers' compensation matter, and the attorney for the employee was seeking fees from the employer's insurer.

the court. The defendants in *Freeman* had served a memorandum of costs on plaintiff on August 25. The plaintiff mailed a motion to tax costs to the clerk of the court. It was dated August 28, but a postmark on the envelope indicated it had been mailed on September 2. In any event it was not received by the clerk and filed until September 4. The rule then in existence required motions to tax costs to be filed within five days after service of the memorandum of costs. (See *Freeman v. Goldberg, supra,* 55 Cal.2d at p. 623.) The defendants opposed the motion on the ground that it was untimely, and the trial court agreed. (*Id.* at p. 624.) The plaintiff filed a section 473 motion within less than three months, which was granted. On appeal, discussing the issue of timeliness of the section 473 motion, the court stated: "The motion to vacate was made within two and one-half months *after plaintiff learned that his motion to tax costs had been denied.* While it would have been preferable if plaintiff had given a clearer explanation for his delay in making the motion to vacate [citation], we cannot say that the court abused its discretion in concluding that under all the circumstances the motion was made within a reasonable time." (55 Cal.2d at p. 625, italics added.)

In sum, contrary to Wells Fargo's claim, there is no "well-established" rule that the six-month period within which to request section 473 relief commences, for purposes of obtaining relief from a missed deadline, when an adversarial party first raises the deadline in opposition papers. Courts have consistently held only that it does not commence on the date the deadline is missed, and that it runs from either of the following possible dates: "[(1)] when a procedural time limit is raised as an objection by an adversary or [(2)] [when a procedural time limit] is in some manner enforced by the trial court." (*Save Our Forest & Ranchlands v. County of San Diego, supra,* 50 Cal.App.4th at p. 1770.) Because we are not bound by any precedent, we are free to choose the commencement date that makes the most sense.

## II

The principal difficulty we have with the rule espoused by Wells Fargo is that an untimeliness argument may totally lack merit or be based on authorities which prove to be equivocal or authority may be split. Here, for example, the California Rules of Court, which set deadlines for filing cost memoranda and motions for attorney fees, contain provisions permitting the trial court to extend the time for good cause shown. Lee specifically asked the court to extend time under rule 870.2(d), but Wells Fargo convinced the court that extensions could not be granted retrospectively, but must be requested before the last day to file has passed, citing *Russell v. Trans Pacific*

*Group, supra,* 19 Cal.App.4th 1717, *Bankes v. Lucas, supra,* 9 Cal.App.4th 365, and *Nazemi v. Tseng, supra,* 5 Cal.App.4th 1633.

All three of the cases relied on by Wells Fargo were decided under an earlier version of rule 870.2, which required a motion for attorney fees to be "served and filed before or at the same time the memorandum of costs is served and filed." (See *Russell v. Trans Pacific Group, supra,* 19 Cal.App.4th at p. 1721, fn. 7.) Rule 870(a)(1) provided, as it does today, that memoranda of costs were generally to be filed within 15 days after the date of mailing notice of entry of judgment. Rule 870(b)(3), which also has not changed, permitted the court to extend time for a period not to exceed 30 days. (19 Cal.4th at p. 1726, fn. 16.) In *Bankes* and *Nazemi,* the motions for fees were not filed at the same time as the costs memoranda and were filed long after the 30 days available to the court to extend time, even had it found good cause to do so. This formed the basis for the court's holdings in those two cases. (See *Bankes v. Lucas, supra,* 9 Cal.App.4th at pp. 371-372 ["Notice of entry of judgment was mailed in June. The motion for posttrial attorney fees was not made 'at the same time the memorandum of costs' was filed and served. In fact Lucas did not file a motion for additional attorney fees until September. Even assuming the trial court granted the maximum extension of time for filing such requests, Lucas's request for postjudgment attorney fees as costs was clearly not timely."]; *Nazemi v. Tseng, supra,* 5 Cal.App.4th at p. 1641 ["[T]he trial court abused its limited discretion by considering Tseng's motion for attorney fees for trial long after the 30-day maximum time extension allowed by rule."].)

The court in *Russell* concentrated on the other aspect of the then effective version of rule 870.2—the provision stating that a separate motion must be filed before or at the same time as the cost bill. The parties seeking fees in *Russell* had filed their cost bill prematurely, before judgment had been entered. They did not file a separate motion for attorney fees, but simply included such fees on their costs memorandum. Later, in opposition to the motion to tax costs, a declaration of counsel setting forth the basis for the amount claimed as fees was submitted. The trial court issued a ruling denying fees due to failure to file a separate motion, and then denied a later request for relief under section 473 because there was no evidence of mistake, inadvertence, surprise, or excusable neglect and no copy of the proposed attorney fee motion had been attached to the request for relief. Since *all* of this took place before a judgment was ever formally entered, there was no issue concerning the 20-day deadline for filing or 30-day deadline for extensions of time.

On appeal, the parties who had sought fees argued that the procedural deficiencies in failing to file a formal motion, and in failing to file a formal

motion no later than the date the cost bill was filed, should have been disregarded by the trial court as technical defects because the opposition to the motion to tax costs was the equivalent to a formal motion and the cost bill had itself been filed prematurely. Expressing the view that this procedural deficiency could not be disregarded, the court held: "[T]he trial court does not have discretion to disregard the statutory requirement that a claim for contractual attorney fees must be made by timely written motion. That the procedural requirements are not jurisdictional does not lead to the conclusion that they may be disregarded. While not jurisdictional, the rules are mandatory." (*Russell v. Trans Pacific Group, supra,* 19 Cal.App.4th at p. 1728 (*Russell*), citing *Nazemi v. Tseng, supra,* 5 Cal.App.4th at p. 1640.)

The court in *Russell* declined to follow a Second Appellate District case, *Gunlock Corp. v. Walk on Water, Inc.* (1993) 15 Cal.App.4th 1301 [19 Cal.Rptr.2d 197], which applied a "spirit of the law" principle to save a similarly defective attorney fee claim where the requested attorney fees initially appeared as an item of cost in the costs memorandum, and were the subject of an attorney declaration in opposition to the adversary's motion to tax costs. The court in *Gunlock* concluded that since the time limitations in rule 870 were not jurisdictional, the trial court had broad discretion in allowing relief from a late filing. (15 Cal.App.4th at p. 1304.)

Thus, even before the recent amendment to rule 870.2 impacting the deadline for filing a motion for attorney fees, the appellate courts were split on the question of whether a late-filed attorney fee request could be granted. More significantly, in 1994, the year after *Russell* was decided, the version of rule 870.2 it purported to interpret was repealed and a newer version of rule 870.2 took its place. (See Historical Notes, 23 pt. 2 West's Ann. Court Rules (1996 ed.) foll. rule 870.2, pp. 146-147.)[10] The new rule unbound attorney fees motions from the time limits applicable to other recoverable costs and gave parties "until 60 days after the expiration of the time for filing a notice of appeal" to file such motions. (Rule 870.2(b)(2).) Further, this amendment added the provision placing no limit on the amount of time a court-ordered extension could encompass where the court exercised its discretion for good cause shown. In view of the split in appellate authority interpreting the previous version of rule 870.2 and the changes to the rule which cast doubt on the continuing vitality of the earlier cases on which Wells Fargo relied, it was by no means clear that the deadline raised in Wells Fargo's opposition to Lee's motion for attorney fees would prove to be an insurmountable obstacle to a fee award.

---

[10]The rule was amended again effective January 1, 1999. The time within which to file an attorney fee motion continues to be governed by rules 2 and 3. The provision governing court-ordered extensions of time was transferred to a new subdivision but was otherwise unchanged.

The state of the law as it pertained to the deadline for filing costs memoranda was clearer, but support could have been found in favor of determining a late-filed cost bill on its merits. Under the rules, cost bills should be filed within 20 days after notice of entry of judgment where notice is served by mail. (Rule 870(a)(1); see Code Civ. Proc., § 1013.) Court-ordered extensions of time are limited to no more than 30 days. (Rule 870(b)(3).) The holdings in *Russell, Bankes,* and *Nazemi* support the proposition that a costs memorandum which is filed more than 50 days after notice of entry of judgment cannot be considered. However, in *Pollard v. Saxe & Yolles Dev. Co.* (1974) 12 Cal.3d 374 [115 Cal.Rptr. 648, 525 P.2d 88] (*Pollard*), where "defendants moved for permission to file a late memorandum of costs on the ground that due to the press of other matters counsel inadvertently failed to file a timely memorandum," the Supreme Court held: "In the absence of prejudice, the trial court has broad discretion in allowing relief on grounds of inadvertence from a failure to timely file a cost bill." (*Id.* at pp. 380-381.) The holding in *Pollard* was followed in *Hoover Community Hotel Development Corp. v. Thomson* (1985) 168 Cal.App.3d 485 [214 Cal.Rptr. 264], where the court held: "[W]e deem it settled that the time limitation set out in [former statute governing time to file cost bill] is likewise not jurisdictional in character and that a trial court has broad discretion in allowing relief from a late filing where, as here, there is an absence of a showing of prejudice to the opposing party." (*Id.* at pp. 487-488.)

The court in *Russell, supra,* 19 Cal.App.4th 1717, concluded that the Supreme Court did not intend by the holding in *Pollard, supra,* 12 Cal.3d 374, to loosen the deadline or other procedural rules for filing costs memoranda. The court believed that although the Supreme Court did not mention section 473, it was merely reaffirming the trial court's discretion to grant extensions of time under section 473 to permit late-filed cost bills. We are not sure that *Pollard* can be read so narrowly. But we need not here decide whether a trial court has discretion under rule 870 to grant an extension of time to file a cost bill when more than 50 days from notice of entry of judgment have passed. We merely reference these authorities to elucidate why we believe the rule which Wells Fargo advocates, commencing the running of the six-month period from the date opposition papers are filed, would be unworkable in practice. Laws governing procedural deadlines are not always clear and straightforward. Authorities interpreting the laws can be in conflict. Amendments are frequent. Simply because an untimeliness argument appears in an adversary's opposition, does not necessarily mean that the moving party should "know" that a deadline has passed.

We, therefore, believe the better rule to follow is the one that focuses on the date the trial court enters an order enforcing a procedural time limit,

rather than the date the time limit is raised in an adversary's papers. Such a rule will be simpler to enforce consistently, particularly where, as here, legal authority would have supported the trial court had it chosen to disregard the untimeliness contention raised in the opposition papers and proceeded to deal with the substantive merits of the request for fees and costs. Generally, there will be only a matter of weeks between the filing of the opposition and the issuance of the court's order confirming that a deadline was missed. Whatever small benefit to the principle of finality which might be bestowed by using the earlier date is more than outweighed by the potential for uncertainty and confusion about the commencement of the six-month period it would engender.

Although we do not believe knowledge of potential deadlines gleaned from one's opponent's papers should be determinative for purposes of the six-month outside period within which a section 473 request must be brought, we do not mean to suggest that a party's awareness of a missed deadline—however it was gained—should play no part in the trial court's consideration of a motion for relief. The statute contains a requirement that all requests for relief be brought "within a reasonable time." (Code Civ. Proc., § 473, subd. (b).) Nothing we have said here is meant to prohibit a trial court from taking into account the fact that a valid untimeliness argument was raised in opposition papers in determining whether an application under section 473 has been submitted within a reasonable time. In cases where the law governing the deadline is clear, a party would be well advised to withdraw the belated motion and move immediately for section 473 relief or seek to combine a request for relief from missing a deadline under section 473 with the hearing on the belated motion.

## III

This brings us to Wells Fargo's alternate contention. Wells Fargo argues that Lee failed to act within a reasonable time in that his motion for section 473 relief was filed only a few days short of six months after the court issued its order denying fees and costs, although appellant apparently obtained a declaration from his former counsel in support of section 473 relief on the very day the order issued. As we have said, a party who moves for relief within six months may still be denied if the trial court concludes that he failed to seek relief within a reasonable time.

The determination of whether a moving party has filed for relief with reasonable alacrity is addressed to the sound discretion of the trial court whose discretion will not be overturned on appeal absent a clear showing of abuse of discretion. (See, e.g., *Rivercourt Co. Ltd. v. Dyna-Tel, Inc.* (1996) 41

Cal.App.4th 1477, 1480 [49 Cal.Rptr.2d 279].) Here, Lee explained in his motion and supporting declarations that his former attorney, after refusing to communicate with him for a protracted period and eventually abandoning him, advised him on September 30, 1999, that he had six months to pursue section 473 relief. Between September 30, 1999 and March 4, 2000, Lee sought to retain counsel to represent him in bringing the motion. He was unable to borrow money against his property because of the cloud on title incident to the underlying lawsuit and did not obtain counsel until he arranged for a personal loan to provide the necessary financial retainer in February 2000. During this same period, he was further occupied by the loss of his computer sales/servicing business. The trial court accepted this explanation as sufficient grounds for not filing the motion until March 23. Under these facts, we do not believe it abused its discretion.

## DISPOSITION

The trial court's order awarding attorney fees and costs to respondent Lee dated July 7, 2000, is affirmed. As Lee has not made an appearance in this appeal, we do not award any costs on appeal.

Epstein, Acting P. J., and Hastings, J., concurred.