Filed 5/17/21  Zeehandelaar v. Mahurin CA4/1

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| ANDRE ZEEHANDELAAR, Plaintiff and Appellant, v. MICHAEL TODD MAHURIN et al., Defendants and Respondents. | D077118 (Super. Ct. No. 37-2017-00037736-CU-PO-CTL) |

APPEAL from a judgment and order of the Superior Court of San Diego County, Randa Trapp, Judge.  Affirmed.

Andre Zeehandelaar, in pro. per., for Plaintiff and Appellant.

No appearance for Defendants and Respondents.

The trial court dismissed this case for "[l]ack of prosecution and failure to appear" after plaintiff Andre Zeehandelaar failed to obtain a default judgment after the case had been pending for more than two years, and failed to appear at three consecutive hearings—including an order to show cause (OSC) hearing regarding "Why [the] Case Should Not be Dismissed."  The court then denied Zeehandelaar's request to set aside the dismissal based on

"excusable mistake and neglect."  (Code Civ. Proc., § 473, subd. (b).)[1] Zeehandelaar appeals the judgment of dismissal and postjudgment order denying his request for section 473(b) relief.  For reasons we will explain, we affirm.

### FACTUAL AND PROCEDURAL BACKGROUND

In October 2017, Zeehandelaar filed a tort lawsuit against Michael Todd Mahurin and the owners of real property on which Mahurin allegedly assaulted and robbed Zeehandelaar.  Zeehandelaar, who has a law degree but does not practice law, represented himself.

Zeehandelaar had difficulty locating defendants to serve them with the complaint and summons.  He believed Mahurin was "hiding" from the sheriff and a process server, and that the property owners lived outside California.

In June 2018, the court approved Zeehandelaar's request to serve defendants by publication.  On August 17, 2018, Zeehandelaar filed a proof of service indicating weekly publication began on June 28.  Thus, service was complete as of July 26, 2018,[2] and defendants had until August 27 to respond to the complaint.[3]

Also on August 17—the same day he filed his proof of service and 10 days before defendants' response deadline—Zeehandelaar filed a request for entry of default and a request for default judgment against defendants.  The

---

[1]    Undesignated statutory references are to the Code of Civil Procedure. For brevity, we will refer to section 473, subdivision (b) as section 473(b).

[2]    Service by publication is deemed complete on the twenty-eighth day after publication begins.  (See § 415.50, subd. (c); Gov. Code, § 6064.)

[3]    Defendants had 30 days from July 26 to respond (§ 412.20, subd. (a)(3)), which fell on Saturday, August 25.  The response deadline thus rolled to the next court day, which was Monday, August 27.  (§ 12.)

court notified Zeehandelaar it was "unable to process" the request because it was "premature." The court then set an October 19 OSC hearing regarding Zeehandelaar's "Failure to Request Entry of Default."

The trial court's minute order for the October 19 OSC hearing stated, "Upon the Court's inquiry, plaintiff will resubmit default judgment papers forthwith."

The same day as that hearing—over one year after he filed his complaint—Zeehandelaar filed a new request for entry of default. The court clerk entered defendants' default as of that date.

In early January 2019, the trial court set an OSC hearing for late January regarding "Failure to Request Entry of Default." The appellate record does not explain the impetus for this hearing, or whether Zeehandelaar appeared at it. On the date of this hearing, the trial court mailed notice to Zeehandelaar's home address regarding an OSC hearing on April 19 regarding "Failure to File Judgment." This notice stated, "Appearances at all hearings are mandatory unless specifically excused by the court for good cause shown."

It appears from the trial court's minute order for the April 19 OSC hearing that Zeehandelaar appeared and requested a continuance to June 7, which the court granted.

The court's minute order for the continued June 7 hearing stated, "There are no appearances by any party." The court mailed notice to Zeehandelaar at his home address of an OSC hearing on August 2 regarding "Failure to File Judgment." This notice also warned that "[a]ppearances at all hearings are mandatory unless specifically excused by the court for good cause shown."

3

The trial court's minute order for the August 2 OSC hearing stated, "There are no appearances by any party." Accordingly, the trial court set an OSC hearing for October 4 regarding "Why [the] Case Should Not be Dismissed." An entry in the register of actions on August 30 indicates the October 4 OSC hearing was continued to November 1.[4]

The trial court's minute order for the November 1 OSC stated: "There are no appearances by any party. The Court orders the entire action dismissed without prejudice. Lack of prosecution and failure to appear."

On November 7, Zeehandelaar filed an ex parte request to set aside the dismissal based on "excusable mistake and neglect."[5] In a supporting declaration, he explained he mistakenly entered the November 1 hearing date on his calendar for November 15 because the court clerk gave him the new date via telephone while he was driving (see fn. 4, *ante*). He further explained he was experiencing delays gathering records to prove up his damages and was distracted by health issues his spouse was experiencing.

The court heard Zeehandelaar's request on November 12. Zeehandelaar appeared at the hearing, which was not reported. The court denied his request with the following explanation in its amended minute order: "The Court notes plaintiff defaulted defendants on 10/19/*2018*.

---

[4]     Zeehandelaar asserts in his appellate briefing that while he was driving to court for a hearing on August 30, he spoke by telephone to a court clerk who notified him the hearing would be continued to November 1. The appellate record, however, does not indicate any hearing was set for August 30.

[5]     Zeehandelaar stated the request was based on "CCP § 472(b)." It is clear he intended to refer to section 473(b).

4

Thereafter, plaintiff failed to appear for three consecutive Order to Show Cause Re Judgment hearings on 06/07/2019, 08/02/2019 and 11/01/2019."

Zeehandelaar appeals. Defendants have not appeared in the case.

## DISCUSSION

### I. Appellate Principles

"It is a fundamental rule of appellate review that a judgment is presumed correct and the appealing party must affirmatively show error." (*In re Marriage of Khera & Sameer* (2012) 206 Cal.App.4th 1467, 1484; see *Jameson v. Desta* (2018) 5 Cal.5th 594, 608-609 (*Jameson*).) Even when, as here, no respondent's brief is filed, the appellant still bears the burden of showing prejudicial error. (See *Lee v. Wells Fargo Bank* (2001) 88 Cal.App.4th 1187, 1192, fn. 7; Cal. Rules of Court,[6] rule 8.220(a)(2).)

To overcome the presumption of correctness, "the appellant must identify each order that he asserts is erroneous, cite to the particular portion of the record wherein that ruling is contained, and identify what particular legal authorities show error with respect to each challenged order." (*County of Orange v. Smith* (2005) 132 Cal.App.4th 1434, 1443; rule 8.204(a)(1) [appellant's brief must "support each point by argument"].) "When an appellant . . . asserts [a point] but fails to support it with reasoned argument and citations to authority, we treat the point as forfeited." (*Delta Stewardship Council Cases* (2020) 48 Cal.App.5th 1014, 1075.)

The appellant must also provide an appellate record sufficient to establish error as to each challenged order. (*Jameson, supra*, 5 Cal.5th at p. 609.) " ' "[I]f the record is inadequate for meaningful review, . . . the decision of the trial court should be affirmed." ' " (*Gee v. American Realty &*

---

6      Further rule references are to the California Rules of Court.

*Construction, Inc.* (2002) 99 Cal.App.4th 1412, 1416.) The appellant's brief must also "[s]upport any reference to a matter in the record by a citation to the volume and page number of the record where the matter appears." (Rule 8.204(a)(1)(C).) An appellant who fails to provide proper citations to the record to support appellate claims may be deemed to have forfeited those claims. (*Estates of Collins & Flowers* (2012) 205 Cal.App.4th 1238, 1251, fn. 11 (*Collins & Flowers*); *Alki Partners, LP v. DB Fund Services, LLC* (2016) 4 Cal.App.5th 574, 589 (*Alki Partners*) ["An appellant who fails to cite accurately to the record forfeits the issue or argument on appeal that is presented without the record reference."].)

An appeal is not a second trial. We do not reweigh evidence. (*Curcio v. Pels* (2020) 47 Cal.App.5th 1, 12.) We "resolve all factual conflicts and questions of credibility" in the prevailing party's favor. (*Schild v. Rubin* (1991) 232 Cal.App.3d 755, 762.) And we will affirm the judgment if it is correct on any theory, regardless of the trial court's reasoning. (*Estate of Beard* (1999) 71 Cal.App.4th 753, 776-777.)

These appellate principles apply with equal force to self-represented appellants. (*Bianco v. California Highway Patrol* (1994) 24 Cal.App.4th 1113, 1125-1126.)

## II. Scope of Appeal

Zeehandelaar indicated in his notice of appeal that he is challenging both the order of dismissal and the order denying his request for relief under section 473(b). Both are appealable. (See *Brehm v. 21st Century Ins. Co.* (2008) 166 Cal.App.4th 1225, 1234 [a "minute order . . . signed by the court (or at least stamped with a replica of the trial judge's signature)" is "an appealable judgment under . . . section 581d"]; *Austin v. Los Angeles Unified School Dist.* (2016) 244 Cal.App.4th 918, 928, fn. 6 ["An order denying relief

6

from a judgment under section 473(b) is a separately appealable postjudgment order under . . . section 904.1, subdivision (a)(2)."].) However, Zeehandelaar has not met his appellant's burden as to either challenge.

First, in his briefing, Zeehandelaar has not addressed or challenged the propriety of the trial court's dismissal of the case for "[l]ack of prosecution and failure to appear." The judgment of dismissal is presumed correct (*Jameson*, *supra*, 5 Cal.5th at pp. 608-609), and Zeehandelaar's failure to address the issue forfeits it on appeal (*Delta Stewardship Council Cases*, *supra*, 48 Cal.App.5th at p. 1075).

Second, Zeehandelaar has not supported his challenge to the trial court's denial of section 473(b) relief with a single citation to the appellate record. Although this would justify our deeming the challenge forfeited (see *Collins & Flowers*, *supra*, 205 Cal.App.4th at p. 1251, fn. 11; *Alki Partners*, *supra*, 4 Cal.App.5th at p. 589), we exercise our discretion to consider it on the merits.

### III. No Error in Denying Section 473(b) Relief

Zeehandelaar contends the trial court abused its discretion in denying his request for section 473(b) relief. We disagree.

### A. Legal Principles

Section 473(b) "contains both mandatory and discretionary provisions." (*Huh v. Wang* (2007) 158 Cal.App.4th 1406, 1414; see *Shayan v. Spine Care & Orthopedic Physicians* (2020) 44 Cal.App.5th 167, 170.) The discretionary provision applies here because Zeehandelaar is self-represented. (*Esther B. v. City of Los Angeles* (2008) 158 Cal.App.4th 1093, 1100 ["the discretionary provision applies to a party, including a party appearing in propria persona"].)

Section 473(b)'s discretionary provision states: "The court may, upon any terms as may be just, relieve a party . . . from a judgment, dismissal, order, or other proceeding taken against him or her through his or her mistake, inadvertence, surprise, or excusable neglect. Application for this relief . . . shall be made within a reasonable time, in no case exceeding six months, after the judgment, dismissal, order, or proceeding was taken."

"The common requirement" for discretionary relief under section 473(b) "is that the error must have been *excusable*." (*Solv-All v. Superior Court* (2005) 131 Cal.App.4th 1003, 1007.) "The standard is whether ' "a reasonably prudent person under the same or similar circumstances" might have made the same error.' " (*Ibid*.) "In determining whether to grant relief under this provision, the court is vested with broad discretion [citation], and its factual findings are entitled to deference. [Citation.] It has been repeatedly noted that a decision should only be held to be an abuse of discretion if it 'exceed[s] the bounds of reason.' " (*Ibid*.) However, "[b]ecause the law favors disposing of cases on their merits, 'any doubts in applying section 473 must be resolved in favor of the party seeking relief from default [citations]. Therefore, a trial court order denying relief is scrutinized more carefully than an order permitting trial on the merits.' " (*Rappleyea v. Campbell* (1994) 8 Cal.4th 975, 980.)

## B. Analysis

The only grounds for excusable neglect or mistake that Zeehandelaar cited to the trial court were delays caused by the distraction from his spouse's health issues, and a calendaring error regarding the date of the November 1 OSC hearing regarding dismissal. The trial court did not abuse its discretion in finding these grounds inadequate.

Over the course of more than one year (October 2018 to November 2019), the trial court held multiple OSC hearings to address Zeehandelaar's repeatedly deficient default judgment applications. The trial court repeatedly warned Zeehandelaar in its hearing notices that his attendance was mandatory. Yet, Zeehandelaar failed to appear for three consecutive hearings—June 7 (a continued hearing date he requested), August 2, and November 1—including one to address "Why [the] Case Should Not be Dismissed." In light of his track record of missed hearings, it was within the trial court's discretion to reject his proffered explanation for missing the November 1 hearing.

Additionally, as of the date of dismissal—more than two years after he filed the action, and more than one year after he obtained entry of defendants' default—Zeehandelaar still had not gathered the information he needed to prove-up a default judgment. Indeed, in his appellate briefing, he implies he *still* has not obtained the necessary information. The trial court was best situated to determine whether Zeehandelaar's two-year delay in proving up his default judgment was excusable in light of his claim that he was distracted by his spouse's health issues.

Zeehandelaar cites two new grounds on appeal to support his claim that the trial court abused its discretion. First, he asserts he missed the November 1 hearing because he had just been diagnosed with cancer and "was busy scheduling medical procedures with his doctors on the day of the [hearing]." However, nothing in the appellate record substantiates the assertion or indicates he ever mentioned it to the trial court. (See *Bach v. County of Butte* (1989) 215 Cal.App.3d 294, 306 (*Bach*) ["It is elementary that an appellate court is confined in its review to the proceedings which took place in the trial court. [Citation.] Accordingly, when a matter was not

tendered in the trial court, 'It is improper to set [it] forth in briefs or oral argument, and [it] is outside the scope of review.' "]; *Jameson*, *supra*, 5 Cal.5th at p. 609, fn. 11 [stating the " 'immutable' " rule of appellate procedure that " 'if it is not in the record, it did not happen' "].)

Second, Zeehandelaar argues his "delays were caused in much part by the failure of [court clerks] to timely inform [him] of any rejections of his requests For Default and Default Judgment." This argument fails because Zeehandelaar did not raise it in the trial court—which was best situated to ascertain the veracity of the claim—or support it with citations to evidence in the appellate record. (*Bach*, *supra*, 215 Cal.App.3d at p. 306.) Indeed, the record reflects that over the course of the year following entry of default against defendants, the trial court continuously informed Zeehandelaar through OSC hearings of the need to prove up a default judgment (and even continued one of those hearings at Zeehandelaar's request).

Finally, Zeehandelaar invokes the public policy favoring adjudication of cases on the merits. However, "that policy coexists with the policy 'that a plaintiff shall proceed with reasonable diligence in the prosecution of an action.' " (*Nye v. 20th Century Ins. Co.* (1990) 225 Cal.App.3d 1041, 1045, quoting § 583.130.)

## DISPOSITION

The judgment of dismissal and the postjudgment order denying Zeehandelaar's request for section 473(b) relief are affirmed. Zeehandelaar to pay respondents' costs on appeal (if any).


HALLER, J.

WE CONCUR:


HUFFMAN, Acting P. J.


AARON, J.

11