Filed 8/19/22  Brookshire v. Albers Yze, LLC CA2/4

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION FOUR

|  |  |
|---|---|
| C.L. BROOKSHIRE, | B306461 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. 18STCV03281) |
| v. | |
| ALBERS YZE, LLC, | |
| Defendant and Respondent. | |

APPEALS from orders of the Superior Court of Los Angeles County, Stephanie M. Bowick, Judge.  Affirmed; dismissed as moot.

C.L. Brookshire, in pro. per., for Plaintiff and Appellant.

No appearance for Defendant and Respondent.

# INTRODUCTION

Faced with a motion to have him declared a vexatious litigant, appellant C.L. Brookshire voluntarily dismissed this action without prejudice. The trial court proceeded to hear and grant the motion, declaring Brookshire a vexatious litigant on three independent grounds, and issuing a prefiling order under Code of Civil Procedure section 391.7.[1] Brookshire did not appeal the prefiling order. Instead, he filed a series of repetitive motions challenging the order, including three motions to vacate the order under section 473, subdivision (d). The court denied Brookshire's first motion to vacate in a detailed decision after hearing, concluding, inter alia, that his voluntary dismissal of the action had not deprived the court of jurisdiction to enter the prefiling order. The court struck Brookshire's second motion to vacate because, inter alia, Brookshire personally filed the motion without authorization from his then-counsel (who was later granted leave to withdraw from the representation). The court issued an order to show cause (OSC) why Brookshire should not be sanctioned for personally filing documents while represented by counsel, in violation of an earlier order of the court prohibiting such filings. Brookshire appealed the OSC. While the appeal was pending, the court found sanctions were unwarranted and discharged the OSC.

---

[1]    Undesignated statutory references are to the Code of Civil Procedure.

The court struck a verified statement of disqualification filed by Brookshire, concluding, inter alia, that he had not served the statement on the court. The court also struck Brookshire's third motion to vacate the prefiling order, concluding, inter alia, that it was a defective motion for reconsideration of the court's ruling denying his first motion to vacate on its merits. Brookshire responded by filing a motion to vacate the order striking his third motion to vacate. The court issued an order striking this motion, too, again concluding the motion was a defective motion for reconsideration (the Strike Order). Brookshire appealed the Strike Order.

On appeal, Brookshire contends: (1) the Strike Order is void because it was entered after Brookshire voluntarily dismissed the action; (2) alternatively, the Strike Order is void because it was entered after the court impliedly consented to disqualification, by failing to timely respond to a statement of disqualification allegedly served on it; and (3) the Strike Order constituted an abuse of discretion and violated Brookshire's due process right to be heard on his third motion to vacate the prefiling order. Brookshire raises no issue concerning his appeal from the since-discharged OSC. We dismiss as moot the appeal from the OSC. Finding no jurisdictional or other defect in the Strike Order, we affirm.

## PROCEEDINGS BELOW

### A. Prefiling Order

In November 2018, Brookshire filed his in pro. per. complaint in this action against respondent Albers YZE, LLC, seeking to enjoin his then-pending eviction from an apartment. In December 2018, respondent filed a motion to have Brookshire declared a vexatious litigant under section 391. Respondent's motion sought two complementary remedies under separate statutes: (1) an order under section 391.1, requiring Brookshire to furnish security to continue litigating the action; and (2) a prefiling order under section 391.7, requiring Brookshire to obtain judicial permission before bringing future litigation in pro. per. In January 2019, before the scheduled hearing on respondent's vexatious litigant motion, Brookshire voluntarily dismissed the action without prejudice. As a result, the court took the hearing off calendar.

Later in January 2019, respondent applied ex parte for an order resetting the hearing on that portion of its vexatious litigant motion seeking a prefiling order under section 391.7 (respondent abandoned its request for an order requiring security under section 391.1). Respondent argued that as held in *Pittman v. Beck Park Apartments Ltd.* (2018) 20 Cal.App.5th 1009, 1022 (*Pittman*), a plaintiff's voluntary dismissal of an action does not deprive the court of

jurisdiction to enter a prefiling order. The court placed the hearing back on calendar.[2]

Brookshire opposed the vexatious litigant motion (which is not in the record), raising various challenges to respondent's evidence of Brookshire's vexatious litigation conduct. Brookshire argued certain prior litigations had not been finally determined adversely to him, as required to support a vexatious-litigant finding under section 391, subdivision (b)(1), because they had been resolved by a global settlement agreement. In support, Brookshire relied on his exhibit A (submitted in duplicate with his supporting declaration and request for judicial notice), comprising: (1) a two-page Notice of Settlement in one prior litigation, dated January 24, 2019, and referring to an attached Notice of Global Settlement Agreement (which Brookshire omitted from his exhibit); and (2) the first and final pages of an eight-page settlement agreement concerning two other prior litigations, bearing signatures by Brookshire (dated March 23, 2018) and the defendants' counsel (undated). At the March 2019 hearing on the vexatious litigant motion, Brookshire acknowledged he had omitted the remaining six

---

[2]     The court found respondent had given Brookshire proper notice of the ex parte application, presumably relying on the declaration of notice executed by respondent's counsel and submitted with the application. On appeal, Brookshire asserts notice was not given. But he neither addresses the contrary finding and declaration, nor suggests that his purported lack of notice is relevant to any issue on appeal.

5

pages of the latter settlement agreement, stating the agreement was confidential. The court heard argument from both parties and took the matter under submission.

In April 2019, the court issued a prefiling order under section 391.7, along with a minute order setting forth its reasoning in detail. On the basis of respondent's evidence of Brookshire's vexatious conduct in prior litigations, the court found Brookshire was a vexatious litigant under each of the first three subdivisions of section 391, subdivision (b).[3] The court denied Brookshire's request for judicial notice of the settlement documents submitted as exhibit A, explaining: (1) the submitted copy of the Notice of Settlement

---

[3] "'Vexatious litigant' means a person who does any of the following: [¶] (1) In the immediately preceding seven-year period has commenced, prosecuted, or maintained in propria persona at least five litigations other than in a small claims court that have been . . . finally determined adversely to the person . . . . [¶] (2) After a litigation has been finally determined against the person, repeatedly relitigates or attempts to relitigate, in propria persona, either (i) the validity of the determination against the same defendant or defendants as to whom the litigation was finally determined or (ii) the cause of action, claim, controversy, or any of the issues of fact or law, determined or concluded by the final determination against the same defendant or defendants as to whom the litigation was finally determined. [¶] (3) In any litigation while acting in propria persona, repeatedly files unmeritorious motions, pleadings, or other papers, conducts unnecessary discovery, or engages in other tactics that are frivolous or solely intended to cause unnecessary delay." (§ 391, subd. (b).)

Agreement was incomplete, as it omitted the reportedly attached Notice of Global Settlement Agreement; and (2) the submitted copy of the eight-page settlement agreement was likewise incomplete, as it omitted the middle six pages and any term providing for a release, and in any event, there was no indication the agreement had been filed with the court in the underlying litigations (the court noted defense counsel's signature was undated). For the same reasons, the court rejected Brookshire's related argument that as a result of the global settlement allegedly reflected in exhibit A, the underlying litigations had not been finally adversely determined against him. The court concluded: "Given the extensive nature of Brookshire's court filings that have been determined adversely to him and frivolous tactics . . . solely intended to cause unnecessary delay, the Court finds that a pre-filing order is warranted pursuant to Code of Civil Procedure section 391.7(a)." The court denied respondent's abandoned request for an order requiring security under section 391.1, reasoning that Brookshire's voluntary dismissal of the action had rendered this request moot. Brookshire did not appeal the prefiling order.[4]

---

[4] We need not address Brookshire's assertions of error in the prefiling order, which is not properly before us on appeal. (See *In re Marriage of Rifkin & Carty* (2015) 234 Cal.App.4th 1339, 1347 [by failing to pursue appeal from prefiling order, vexatious litigant lost right to challenge it on appeal].) However, in our discussion below rejecting his identical jurisdictional challenge to the Strike Order, we reject Brookshire's contention that his
*(Fn. is continued on the next page.)*

### B. Motion for Reconsideration

In May 2019, Brookshire filed a motion for reconsideration of the prefiling order under section 1008, subdivision (a). Brookshire argued, inter alia, that the court erred in rejecting his reliance on the settlement documents submitted as exhibit A. Brookshire falsely asserted that the court's ruling overlooked exhibit A and instead relied on Internet court records, which did not then reflect the alleged global settlement (but had since been updated to reflect it).

Although Brookshire reserved and noticed a July 30, 2019 hearing on his motion for reconsideration, he failed to appear on that date, without explanation. Implicitly denying the motion, the court ordered the motion off calendar. Seven weeks later, Brookshire filed notice that he had retained counsel, who applied ex parte to have the motion for reconsideration placed back on calendar, claiming neither he nor Brookshire had appeared at the hearing because each had believed the other would appear. The court denied the application, finding Brookshire had unduly delayed in raising the issue.

### C. First Motion to Vacate

In October 2019, Brookshire filed his first motion to vacate the prefiling order under section 473, subdivision (d). Brookshire renewed his argument that the court erred in

---

voluntary dismissal of the action deprived the court of jurisdiction to enter the prefiling order.

8

relying on Internet court records that omitted his alleged global settlement of several underlying litigations, characterizing this omission as a clerical error of "the clerk's department at the appellate court," and arguing the clerical error was subject to correction by the trial court under section 473, subdivision (d). Additionally, Brookshire argued his voluntary dismissal of the action had deprived the court of jurisdiction to hear respondent's vexatious litigant motion, rendering the prefiling order void. Respondent opposed the motion to vacate, again arguing that under *Pittman*, *supra*, 20 Cal.App.5th 1009, the court had retained jurisdiction notwithstanding the voluntary dismissal.

In November 2019, the court held a hearing on Brookshire's first motion to vacate, at which Brookshire was represented by counsel. The court denied the motion in a detailed minute order. Citing *Pittman*, the court concluded the prefiling order was not void for lack of jurisdiction, notwithstanding Brookshire's voluntary dismissal of the action. The court rejected Brookshire's argument concerning the appellate clerk's error in failing to timely record settlement documents, explaining: "[Section 473, subdivision (d)] allows this Court to correct clerical errors made by this Court in the cases before it, not clerical mistakes by the clerk of the Court of Appeal. [Citations.] Nevertheless, the Court notes that in opposition to the motion to declare him a vexatious litigant, Plaintiff presented various arguments regarding global settlements, yet failed to present a complete Notice of Settlement (Exhibit A) in support of his opposition

9

and request for judicial notice. The Court considered Plaintiff's arguments regarding the globally settled cases in ruling on that motion. . . . Hence, the Court finds that Plaintiff is essentially attempting to improperly present and argue his motion for reconsideration relating to the Court's vexatious litigant determination once again." Finally, the court declined to vacate the prefiling order on its own motion. Brookshire did not appeal the denial of his first motion to vacate.

Later in November 2019, the court issued an order prohibiting Brookshire from personally filing documents while represented by counsel, and warning that any violation of the order would result in the issuance of an OSC why Brookshire should not be sanctioned.[5]

### D. Second Motion to Vacate, OSC, and Statement of Disqualification

In February 2020, Brookshire filed a second motion to vacate the prefiling order under section 473, subdivision (d), purportedly signed by his counsel. Brookshire renewed his arguments that: (1) the prefiling order was void because it

---

[5]    It appears this order might have been prompted by Brookshire's personally filing, while represented by counsel, an in pro. per. request for court reporting services at the scheduled hearing on his first motion to vacate. In denying the motion, the court noted Brookshire's counsel neither delivered a courtesy copy of the in pro. per. request with his motion papers, nor mentioned the request during the hearing.

10

was entered after he voluntarily dismissed the action; and (2) the prefiling order was marred by a clerical error that had omitted settlement documents from court records. Brookshire additionally argued the prefiling order (an injunction) should be dissolved under section 533, but asserted no ground for relief under that statute other than "the fact the [prefiling] order should have not be[en] granted in the first instance," for the same reasons he argued in support of relief under section 473.[6]

On April 15, 2020, Brookshire's counsel filed a request to strike Brookshire's second motion to vacate, declaring he (counsel) had not drafted, signed, or otherwise authorized the motion. The next day, Brookshire filed a request to withdraw his counsel's request, asserting without explanation that the request had been filed in error. The same day, Brookshire's counsel applied ex parte for leave to withdraw as counsel. The court scheduled a hearing on counsel's motion to withdraw, along with his request to strike the second motion to vacate.

On April 30, 2020, the court issued an OSC why Brookshire should not be sanctioned for personally filing documents -- including his second motion to vacate, and his

---

[6] Section 533 authorizes a court to modify or dissolve an injunction "upon a showing that there has been a material change in the facts upon which the injunction or temporary restraining order was granted, that the law upon which the injunction or temporary restraining order was granted has changed, or that the ends of justice would be served . . . ."

11

request to withdraw his counsel's request to strike the motion -- while represented by counsel, in violation of its November 2019 order prohibiting such filings. Brookshire filed a notice of appeal from the OSC. Brookshire also filed in pro. per. objections to the court's jurisdiction to issue the OSC (and other orders) after his voluntary dismissal of the action.

On June 25, 2020, Brookshire filed an in pro. per., verified "challenge for cause," seeking to disqualify the court (Judge Stephanie M. Bowick) and setting forth facts allegedly showing the court was biased against him. According to the attached certificates of service, Brookshire purportedly served the challenge by email, and its supporting documents by mail. Five days later, the court issued an order construing Brookshire's challenge as a verified statement of disqualification, and striking the statement on two grounds. First, the court struck the statement for lack of service, finding: "The Court . . . has not received service of the Statement; therefore, Plaintiff failed to accomplish proper service as required by Code of Civil Procedure section 170.3(c)(1) ('Copies of the statement . . . shall be personally served on the judge alleged to be disqualified, or on his or her clerk, provided that the judge is present in the courthouse or in chambers.')." The court also struck the statement on the independent ground that it demonstrated on its face there were no legal grounds for disqualification, as its allegations of bias were improperly based on dissatisfaction with the court's rulings and other

invalid grounds. In addition to striking the statement, the court signed a verified answer denying Brookshire's allegations of bias. The court's order reminded Brookshire of his right to seek review by writ of mandate in the Court of Appeal. Brookshire did not seek writ review.

On July 2, 2020, the court held a hearing on the OSC, Brookshire's counsel's request to strike the second motion to vacate, and counsel's motion to withdraw. The reporter's transcript of this hearing is not in the record. At the conclusion of the hearing, the court discharged the OSC, finding sanctions were unwarranted because Brookshire had not received notice of the court's order prohibiting him from personally filing documents while represented by counsel. The court took the other matters under submission.

On July 9, 2020, the court issued an order striking Brookshire's second motion to vacate and granting Brookshire's counsel leave to withdraw. The court concluded Brookshire had improperly drafted, signed, and filed the motion without authorization from counsel, as Brookshire had admitted at the hearing. In response to Brookshire's jurisdictional objections, the court -- again citing *Pittman*, *supra*, 20 Cal.App.5th 1009 -- concluded "trial courts retain jurisdiction over ancillary/collateral proceedings, including motions regarding orderly court proceedings, even after dismissal or trial of a case." Finally, quoting *Even Zohar Construction & Remodeling, Inc. v. Bellaire Townhouses, LLC* (2015) 61 Cal.4th 830, 839 (*Even Zohar*), the court concluded, "It appears that Plaintiff is 'endlessly bring[ing]

13

the same motions over and over' in violation of Code of Civil Procedure section 1008."  (See *id.* at 838-840 [section 1008 limits courts' jurisdiction to consider parties' motions for reconsideration or renewed motions, serving legislative purpose """to conserve judicial resources by constraining litigants who would endlessly bring the same motions over and over"""].)

### E. Third Motion to Vacate and Strike Order

A week after the court struck his second motion to vacate (on July 17, 2020), Brookshire filed a third motion to vacate the prefiling order under section 473, subdivision (d). His third motion to vacate was nearly identical to his first and second, renewing his arguments that: (1) the prefiling order was void because it was entered after he voluntarily dismissed the action; (2) the prefiling order was marred by a clerical error concerning the omission of settlement documents from court records; and (3) the prefiling order should be dissolved under section 533 because it should not have been granted in the first instance.

On July 21, 2020, the court issued an order striking Brookshire's third motion to vacate.  Observing the motion repeated the arguments made in Brookshire's first motion to vacate, which the court had heard and denied in a detailed decision, the court concluded the third motion to vacate was "essentially an untimely motion for reconsideration" under section 1008, as well as "improper, frivolous and repetitive of the [first] motion to vacate denied on November 21, 2019."

14

Again citing *Even Zohar*, *supra*, 61 Cal.4th 830, the court repeated its observation that Brookshire appeared to be violating section 1008 by endlessly bringing the same motion. The court declined to hold a hearing on the motion, concluding no hearing was required because the motion was not a critical pretrial matter.

In August 2020, Brookshire filed a motion to vacate the order striking his third motion to vacate. Brookshire renewed his prior arguments. He additionally argued the court lacked authority to strike his third motion to vacate, "even if it was a repeat motion filed and heard on November 21, 2019." Although he thus appeared to acknowledge his third motion to vacate was repetitive of his first, he argued the court erred in considering it a defective motion for reconsideration under section 1008.

In October 2020, the court issued the Strike Order, striking Brookshire's most recent motion as an exercise of the court's "inherent power to control proceedings and prevent the misuse of process." For the same reasons it had struck Brookshire's third motion to vacate, the court concluded the new motion was "essentially an untimely motion for reconsideration" under section 1008, as well as "improper, frivolous and repetitive of the previous arguments set forth in his [first] motion to vacate that was denied on November 21, 2019, and the pleadings [including his second motion to vacate] that were stricken from the record on July 21, 2020." The court again concluded the motion was not a critical pretrial matter requiring a hearing,

15

adding: "The Plaintiff has taken full opportunity and advantage to brief all his arguments and objections regarding the Court's previous rulings, decisions and jurisdiction over these matters since the order declaring him a vexatious litigant was issued on April 15, 2019. No additional factual or legal information, or arguments at a hearing would change the outcome here."

In November 2020, Brookshire filed objections to the Strike Order, arguing the order was void because it was entered after the court impliedly consented to disqualification, by failing to timely respond to a verified statement of disqualification allegedly served on it. Brookshire acknowledged that in its June 30 order striking the verified statement of disqualification he had filed on June 25, the court expressly found it had not been served. "[I]n direct contradiction to" this finding, Brookshire argued the court had been served with a 133-page statement of disqualification on June 26, 2020. In support, however, Brookshire cited only a single-page exhibit to his supporting declaration. Although this exhibit was stamped received by the court on June 26, 2020, it lacked any case caption, and stated only: "Challenge for cause per CCP 170.1 and 170.3 [¶] 6/25/20 [¶] Attention Dept[.] 19 [¶] Judge Bowick [¶] Stanley Mosk Courthouse." Thus, the exhibit did not set forth -- or verify -- any facts constituting grounds for disqualification. Brookshire represented that "according to the [reporter's transcript] from July 2, 2020," he brought the court's attention to its alleged error in overlooking the

16

documents served on June 26 (instead, striking "the wrong document" filed on June 25), and the court expressly declined to issue any order concerning the June 26 documents. He did not submit the July 2 reporter's transcript as an exhibit.

Days after filing his objections to the Strike Order, Brookshire timely appealed the order. In both of his appeals, challenging the OSC and the Strike Order respectively, Brookshire elected to proceed without a record of the oral proceedings.[7]

## DISCUSSION

Before addressing the orders from which Brookshire appeals, we first address several requests Brookshire filed in this court after filing his appellate brief.

### A. Appellate Requests
#### 1. Request for Independent Review

On July 27, 2022, months after his appellate brief raised the contentions addressed below, Brookshire filed a request that we independently examine the record for error pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*). We deny the request. *Wende* does not apply in civil appeals. (Eisenberg et al., Cal. Practice Guide: Civil Appeals & Writs

---

[7] The court subsequently overruled Brookshire's objections to the Strike Order, stating it had previously considered and rejected his claim of disqualification.

17

(The Rutter Group 2021) Ch. 8-C ¶ 8:122.)  The principal cases on which Brookshire relies were criminal appeals, and acknowledged that even criminal defendants are not entitled to *Wende* review on appeal from the denial of postconviction relief.  (See *People v. Gallo* (2020) 57 Cal.App.5th 594, 598-599; *People v. Flores* (2020) 54 Cal.App.5th 266, 268-269, 271, 273-274.)  In the civil case on which Brookshire relies, the appellate court merely "indulged" the appellant by conducting an independent review of the record, "even though" he was not entitled to it.  (*Foster v. Civil Service Com.* (1983) 142 Cal.App.3d 444, 449.)  Assuming, arguendo, we have discretion to similarly indulge Brookshire's request for an independent review, we decline to exercise that discretion.

### 2. Requests Related to Oral Argument

On June 29, 2022, Brookshire filed a request that we issue a tentative decision in advance of oral argument, acknowledging that we do not issue tentative decisions pursuant to our usual procedures.  On August 1, 2022, Brookshire filed a request that we arrange for oral argument to be transcribed by a court reporter.  On August 4, 2022, we issued an order denying the latter request, but noting: "The clerk shall provide an audio sound recording of the proceedings to appellant without charge."  On August 5, 2022, Brookshire filed a motion requesting that we order the audio recording of oral argument to be considered the "'Official Verbatim Record'" of the proceedings (or clarify

that we ordered as much on August 4, which we did not). On August 10, 2022 (the day before oral argument), Brookshire filed a notice that we had not yet addressed his pending requests.

We deny as moot Brookshire's request for issuance of a tentative decision. We note that Brookshire failed to show good cause for his requested exception to our usual procedures.

We also deny Brookshire's request that we order the audio recording of oral argument to be considered the "'Official Verbatim Record'" of the proceedings. Although the precise meaning of this request is unclear, Brookshire appears to request that we order the audio recording to be included in the record that may properly be considered on review by a higher court. He cites no authority suggesting we have the power to determine the material a higher court may consider, and no such power was implied in *Jameson v. Desta* (2018) 5 Cal.5th 594, on which Brookshire relies.[8]

---

[8] There, our Supreme Court invalidated a superior court policy that allowed reporter's transcripts to be prepared at the expense of those litigants who could afford the services of private court reporters, but failed to arrange for comparable services to be provided to indigent litigants. (*Jameson v. Desta, supra,* 5 Cal.5th at 599.) The Court reasoned that the policy created an unfair disparity between indigent and wealthier litigants in their ability to present appellate courts with verbatim records of *trial court* proceedings, the absence of which would frequently be fatal on appeal. (*Id.* at 608, 622-623.) The Court did not address reporter's transcripts of *appellate arguments*, much less audio *(Fn. is continued on the next page.)*

19

Indeed, the Supreme Court routinely reviews decisions of the Courts of Appeal, even though "none follow a policy of having written transcripts prepared." (Eisenberg et al., Cal. Practice Guide: Civil Appeals & Writs, *supra*, Ch. 10-B ¶ 10:64.1; see also *Barriga v. 99 Cents Only Stores LLC* (2020) 51 Cal.App.5th 299, 322, fn. 10 [declining to consider transcript of oral argument, where respondent transcribed Court of Appeal's Internet webcast and attached transcript to supplemental brief: "we are aware of no authority that supports a party privately transcribing oral argument and filing a transcript with the court"].)

### *3. Requests for Judicial Notice*

On August 9, 2022, Brookshire filed a request for judicial notice, attaching exhibits A through T. The next day, he submitted a supplemental request for judicial notice, attaching additional exhibits A and B.

We grant Brookshire's request for judicial notice of *Jameson v. Desta*, *supra*, 5 Cal.5th 594 (exhibit N). We otherwise deny his requests. To the extent Brookshire requests notice of judicial opinions that he failed to cite in his appellate brief (exhibits B, C, D, F, G, and M to his first request for judicial notice), including several nonpublished opinions, his requests are improper attempts to circumvent appellate rules. (See Eisenberg et al., Cal. Practice Guide:

---

recordings thereof. Nor did the Court suggest that its own review depended on official verbatim records of appellate arguments.

Civil Appeals & Writs, *supra*, Ch. 5-B ¶ 5:158.1 ["Requests for judicial notice cannot be used to circumvent appellate rules and procedures (such as the prohibition against citing unpublished opinions, [citation]). Thus, a court will not take judicial notice of a case that was not cited in the briefs"].) Brookshire's remaining materials -- including several judicial opinions his brief cited only in challenging the prefiling order, which is not properly before us on appeal -- need not be noticed because they are irrelevant to the dispositive points addressed below. (See Rutter, *supra*, ¶ 5:156.2 ["Appellate courts will not take judicial notice of matters *irrelevant* to the dispositive point on appeal"].) Even had we taken notice of these materials, we would decline to address them. (See *id.* ¶ 5:159 ["Although it decides to take judicial notice, the appellate court is not obligated to *consider* the noticed matter in resolving the issues on appeal and may in fact choose to *disregard* it"].)

### B. The OSC

We dismiss as moot Brookshire's appeal from the since-discharged OSC concerning potential sanctions that were never imposed. "Generally, an appeal will be dismissed as 'moot' when . . . the occurrence of an event renders it impossible for the appellate court to grant appellant any effective relief. [Citations.] 'The legal test for effective relief is whether there is a prospect of a remedy that can have a practical, tangible impact on the parties' conduct or legal status.'" (Eisenberg et al., Cal. Practice Guide: Civil Appeals

21

& Writs, *supra*, Ch. 5-B ¶ 5:22.) Here, shortly after Brookshire filed his notice of appeal from the OSC regarding potential sanctions, the court found sanctions were unwarranted and discharged the order. We discern no remaining possibility of effective relief from the OSC. In his appellate brief, Brookshire neither requests relief from the OSC nor develops any argument concerning it. Thus, even had we not dismissed this appeal as moot, we would conclude Brookshire forfeited any challenge to the OSC. (See *People v. Guzman* (2019) 8 Cal.5th 673, 683, fn. 7 [appellant forfeited due process claim by failing to "develop the argument"]; *In re Phoenix H.* (2009) 47 Cal.4th 835, 845 ["""Contentions supported neither by argument nor by citation of authority are deemed to be without foundation and to have been abandoned"""].)

### C. The Strike Order

On appeal from the Strike Order, Brookshire contends: (1) the order is void because it was entered after he voluntarily dismissed the action; (2) alternatively, the order is void because it was entered after the court impliedly consented to disqualification, by failing to timely respond to a statement of disqualification allegedly served on it; and (3) the order constituted an abuse of discretion and violated his due process right to be heard on his third motion to vacate the prefiling order. We address each contention in turn.

### 1. *Voluntary Dismissal*

"[A] plaintiff's voluntary dismissal of an action generally deprives the court of jurisdiction in the case." (*Pittman*, *supra*, 20 Cal.App.5th 1009, 1022.) "Notwithstanding this general principle, 'courts have carved out a number of exceptions to this rule in order to give meaning and effect to a former party's statutory rights.' [Citation.] When a postdismissal or postjudgment motion involves collateral statutory rights, then the court may retain jurisdiction to determine and enforce those rights." (*Ibid*.) Thus, a court retains jurisdiction after a voluntary dismissal to decide, inter alia, a motion for attorney fees or a motion for sanctions. (*Ibid*.) "Like a motion for attorney fees or sanctions, a motion to declare a self-represented plaintiff a vexatious litigant deals with an ancillary issue and has no bearing on the finality of the judgment or dismissal." (*Id*. at 1024.) Further, "[t]o fulfill the statute's aim of protecting future potential litigants, the ability to declare an individual a vexatious litigant must survive even after the action has been dismissed." (*Id*. at 1025.) "A contrary rule would allow a litigant to strategically escape a vexatious litigant finding altogether by dismissing a party or an action prior to a ruling on the vexatious litigant motion and then refiling his or her claims in a later proceeding." (*Id*. at 1024-1025.) Accordingly, "voluntary dismissal of an action does not deprive the court of jurisdiction to rule on a pending vexatious litigant motion." (Weil & Brown, Cal. Practice

Guide: Civil Procedure Before Trial (The Rutter Group 2022) Ch. 1-G ¶ 1:914, citing *Pittman*, at 1024-1025.)

We agree with the reasoning and holding of our colleagues in Division Seven in *Pittman*, on which the trial court relied. We therefore conclude Brookshire's voluntary dismissal of the action did not deprive the court of jurisdiction to rule on respondent's then-pending motion for a prefiling order, or on Brookshire's subsequent motions challenging that ruling. In sum, we conclude the Strike Order is not void for lack of jurisdiction.

In arguing to the contrary, Brookshire relies on section 391.1, arguing *Pittman* could not "override" the text of that statute. Brookshire's reliance on section 391.1 is misplaced, because prefiling orders are authorized under a different statute, viz., section 391.7. (See *Fink v. Shemtov* (2010) 180 Cal.App.4th 1160, 1175-1176 [section 391.1 was inapplicable on appeal from prefiling order under section 391.7]; *Bravo v. Ismaj* (2002) 99 Cal.App.4th 211, 222 [same].) Sections 391.1 and 391.7 provide "two complementary sets of remedies." (*Pittman, supra*, 20 Cal.App.5th at 1013, fn. 2.) Section 391.1 provides: "In any litigation *pending* in any court of this state, at any time *until final judgment is entered*, a defendant may move the court, upon notice and hearing, for an order requiring [a vexatious-litigant] plaintiff to furnish security . . . ." (§ 391.1, italics added.) Section 391.7, in contrast, makes no reference to pending litigation or entry of judgment, and authorizes entry of a prefiling order "[i]n addition to any other relief" authorized by the

24

vexatious-litigant statutes. (§ 391.7, subd. (a).) "A motion for a prefiling order under C.C.P. 391.7 is not required to be made during pending litigation, as is a motion for security under C.C.P. 391.1. By its very nature, the prefiling order of C.C.P. 391.7 affects a vexatious litigant's future filings." (3 Witkin, Cal. Proc. 6th Actions § 398 (2022), citing *Bravo v. Ismaj*, *supra*, at 222.) Here, after Brookshire voluntarily dismissed the action, respondent abandoned its request for an order requiring security under section 391.1, and the court denied this request as moot. The court entered only a prefiling order under section 391.7. Under the statute and case law, it retained jurisdiction to do so. (See *Pittman*, at 1024-1025.)

## *2. Alleged Disqualification*

"If a judge who should disqualify himself or herself refuses or fails to do so, any party may file with the clerk a written verified statement objecting to the hearing or trial before the judge and setting forth the facts constituting the grounds for disqualification of the judge. . . . Copies of the statement . . . shall be personally served on the judge alleged to be disqualified, or on his or her clerk, provided that the judge is present in the courthouse or in chambers." (§ 170.3, subd. (c)(1).) "Within 10 days after the filing or service, whichever is later, the judge may file a consent to disqualification. . . , or the judge may file a written verified answer admitting or denying any or all of the allegations contained in the party's statement . . . ." (§ 170.3, subd.

25

(c)(3).) Alternatively, "if a statement of disqualification is untimely filed or if on its face it discloses no legal grounds for disqualification, the trial judge against whom it was filed may order it stricken." (§ 170.4, subd. (b).) "A judge who fails to file a consent or answer within the time allowed shall be deemed to have consented to his or her disqualification . . . ." (§ 170.3, subd. (c)(4); see also Wegner et al., Cal. Practice Guide: Civil Trials & Evidence (The Rutter Group 2021) Ch. 3-A ¶ 3:116 [same rule applies to judge's failure to timely strike statement].) With limited exceptions, "a disqualified judge shall have no power to act in any proceeding after his or her disqualification . . . ." (§ 170.4, subd. (d).)

Here, the record does not support Brookshire's claim that he properly served the court with a verified statement of disqualification, much less that the court failed to timely respond. The record contains only one verified statement of disqualification, which Brookshire filed on June 25, 2020, and served (if at all) by mail. Service by mail was improper. (See § 170.3, subd. (c)(1) [copies of statement shall be "personally" served on challenged judge or clerk thereof].) In any event, five days after the statement was filed and allegedly served, the court timely struck and answered the statement. (See §§ 170.3, subd. (c)(3), 170.4, subd. (b).) In striking the statement, the court found that: (1) Brookshire had not properly served the statement on the court; and (2) the asserted grounds for disqualification were legally invalid on their face.

Brookshire challenges the court's finding of lack of service, citing the single-page exhibit that he submitted in objecting to the Strike Order, which was stamped received by the court on June 26, 2020 -- the day after he filed the statement timely struck by the court.   Brookshire's appellate brief refers to this exhibit as "the cover page" of a verified statement of disqualification personally served on June 26.  But the record contains no other page from the June 26 statement, and the single page fails to set forth -- or verify -- any facts constituting grounds for disqualification, much less grounds different from those the court rejected in timely striking the June 25 statement.  (See § 170.3, subd. (c)(1) ["verified" statement must "set[] forth the facts constituting the grounds for disqualification"].)  Moreover, because Brookshire elected to proceed on appeal without a record of the oral proceedings, the record contains no reporter's transcript of the July 2, 2020 hearing at which, according to Brookshire, he and the court discussed the court's alleged error in overlooking the documents served on June 26.  As a result of Brookshire's failure to provide an adequate record, we must presume that this discussion supported the court's finding that it had not been properly served with a verified statement of disqualification.  (See *Jameson v. Desta, supra,* 5 Cal.5th at 609 ["'In the absence of a contrary showing in the record, all presumptions in favor of the trial court's action will be made by the appellate court. "[I]f any matters could have been presented to the court below which would have authorized the order complained of,

27

it will be presumed that such matters were presented"""]; *In re Valerie A.* (2007) 152 Cal.App.4th 987, 1002 [appellant was considered to have "abandoned" claim that juvenile court erred at post-permanency planning review hearing, where appellant failed to provide transcript of hearing: "It is the appellant's responsibility to include in the appellate record the portions of the reporter's transcript relevant to appellant's issues on appeal"].)  As an alternative basis for upholding the court's rulings, we presume the remaining pages of the June 26 statement set forth the same grounds for disqualification that the court found invalid in its June 30 order timely striking the June 25 statement, and therefore did not require a separate response.  In sum, the record does not show the court was disqualified.  We conclude the court had jurisdiction to enter the Strike Order.

### 3. Due Process

Brookshire contends that by striking his third motion to vacate the prefiling order under section 473, subdivision (d), the trial court abused its discretion and violated his due process right to be heard.  We disagree.  As the court properly concluded, the motion was a defective motion for reconsideration under section 1008.

"[S]ection 1008 imposes special requirements on renewed applications for orders a court has previously refused.  A party filing a renewed application must, among other things, submit an affidavit showing what 'new or different facts, circumstances, or law are claimed' [citation]

28

to justify the renewed application, and show diligence with a satisfactory explanation for not presenting the new or different information earlier [citations]." (*Even Zohar*, *supra*, 61 Cal.4th at 833.) By its terms, section 1008 "applies to *all* applications to reconsider any order of a judge or court, or for the renewal of a previous motion . . . ." (§ 1008, subd. (e), italics added).) These include renewed motions for relief from default under section 473, subdivision (b), because that statute neither "purports to exempt" motions from section 1008's requirements, nor "purport[s] to authorize unlimited repetitions of the same motion." (*Even Zohar*, at 841.) The same is true of subdivision (d) of the same statute, on which Brookshire relied. (See § 473, subd. (d) ["The court may, upon motion of the injured party, or its own motion, correct clerical mistakes in its judgment or orders as entered, so as to conform to the judgment or order directed, and may, on motion of either party after notice to the other party, set aside any void judgment or order"].)

Where a party's renewed motion or motion for reconsideration fails to satisfy the requirements of section 1008, the court lacks jurisdiction to consider the motion. (§ 1008, subd. (e) ["This section specifies the court's jurisdiction with regard to applications for reconsideration of its orders and renewals of previous motions . . . . No application to reconsider any order or for the renewal of a previous motion may be considered by any judge or court unless made according to this section"]; see also *Even Zohar*, *supra*, 61 Cal.4th at 837.) The sole recognized exception to

29

this jurisdictional limitation was set forth in *Le Francois v. Goel* (2005) 35 Cal.4th 1094 (*Le Francois*), where our Supreme Court held section 1008 has no effect on a court's jurisdiction to reconsider its previous interim orders on its *own* motion, even while limiting its jurisdiction to do so on a *party's* motion. (*Even Zohar*, at 840, citing *Le Francois*, at 1096-1097.) This limitation serves section 1008's purpose "'to conserve judicial resources by constraining litigants who would endlessly bring the same motions over and over . . . .'" (*Even Zohar*, at 839; see also *Pittman, supra,* 20 Cal.App.5th at 1021, fn. 13 ["The rule allowing an aggrieved party to challenge an order void on its face at any time does not mean a party may perpetually move to vacate the order until he or she receives a favorable ruling. "'Somewhere along the line, litigation must cease"'"].)

Here, the trial court properly concluded Brookshire's third motion to vacate the prefiling order under section 473, subdivision (d), was a defective motion for reconsideration of the court's denial of his first such motion.[9] In his third motion to vacate, Brookshire renewed the same arguments the court had heard and rejected on their merits in denying his first motion to vacate (and had rejected again in striking

---

[9] Although Brookshire identified section 533 as additional authority for his second and third motions to vacate, he asserted no ground for relief under that statute, other than the purported fact that the prefiling order should not have been granted in the first instance, for the same reasons he identified as grounds for relief under section 473, subdivision (d).

30

his second), including arguments that the prefiling order was (1) void because it was entered after he voluntarily dismissed the action, and (2) marred by a clerical error that had omitted settlement documents from court records. Brookshire did not even attempt to satisfy the requirements for a motion for reconsideration under section 1008. He did not submit an affidavit identifying new or different facts or law, much less show diligence with a satisfactory explanation for not presenting new or different information earlier. (See *Even Zohar*, *supra*, 61 Cal.4th at 833.) Accordingly, the court properly rejected Brookshire's motion. (See *id.* at 837; § 1008, subd. (e).)

Brookshire's reliance on *Le Francois* is misplaced, as that case supports our conclusion the court was not required to consider his defective motion for reconsideration. (See *Le Francois*, *supra*, 35 Cal.4th at 1108 [party's motion for reconsideration has no "procedural significance" if it does not satisfy requirements of section 1008: "The court need not rule on any [mere] suggestion that it should reconsider a previous ruling"].) Further, Brookshire misrepresents this court's decision in *Lee v. Wells Fargo Bank, N.A.* (2001) 88 Cal.App.4th 1187 (*Lee*), suggesting we held that section 1008 could never apply to a motion for relief under section 473. In fact, we merely held that section 1008 did not apply to a plaintiff's *first and only* motion for relief under section 473, where no motion for reconsideration (or renewed motion) had

been filed.[10] (See *id.* at 1191, fn. 6.)  Nothing in *Lee* contradicts our present conclusion that section 1008 applies where, as here, a plaintiff repeatedly moves for relief under section 473 on repetitive grounds, even after his first motion has been heard and denied on its merits.

Contrary to Brookshire's suggestion, our affirmance of the Strike Order will not permanently foreclose relief from the prefiling order.  If, at some future date, changed facts and circumstances warrant it, he may apply for relief on the ground that he has "'mended his ways'" with respect to his vexatious conduct.  (*Luckett v. Panos* (2008) 161 Cal.App.4th 77, 96; § 391.8, subds. (a)-(c) [authorizing applications to

---

[10]    In *Lee*, the plaintiff filed an untimely motion for attorney fees and sought relief from its untimeliness in his reply papers, but did not then invoke section 473. (*Lee, supra,* 88 Cal.App.4th at 1189-1190.)  The trial court denied the fee motion as untimely. (*Id.* at 1191.)  The plaintiff then filed his first and only motion for relief under section 473, which the court granted under both section 473 and (purportedly) section 1008. (*Ibid.*)  The court construed the motion as one for reconsideration under section 1008, reasoning that it *could* have granted relief under section 473 at the time it ruled on the fee motion. (*Id.* at 1191 & fn. 6.) In affirming relief under section 473, however, this court disagreed with the trial court's view that section 1008 applied: "The fact that the trial court *might* have treated the arguments and declarations in [the plaintiff's] reply papers as a request for relief under section 473 did not transform [the plaintiff's] motion for attorney fees into a section 473 motion or require that the [section 473] motion filed [later] be deemed a motion for reconsideration." (*Id.* at 1191, fn. 6.)

32

vacate prefiling order upon showing that underlying facts have materially changed and that justice would be served]; 3 Witkin, Cal. Proc. 6th Actions § 400 (2022) [noting section 391.8 codified *Luckett v. Panos*].)  We emphasize that such an application should be based on evidence showing, as Brookshire has not yet attempted to show: (1) "an *accurate* confrontation with the facts on which the prior vexatious litigant finding was made, as well as intervening facts that might not put the application in a favorable light"; (2) "some genuine *remorse* for the costs of litigation inflicted on the defendants who were the object of previous lawsuits," and for the consumption of "public judicial resources better devoted elsewhere"; (3) "some genuine effort at *restitution* toward the previous victims of his litigation, including actual payment of cost orders made by the courts in that litigation," to the extent "consistent with his . . . financial situation"; and (4) "actually giv[ing] up the habit of suing people as a way of life." (*Luckett v. Panos*, *supra*, at 93-94.)

## DISPOSITION

The Strike Order is affirmed.  The appeal from the April 2020 order to show cause is dismissed as moot.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

MANELLA, P. J.

We concur:

WILLHITE, J.

CURREY, J.